60  527
135  511

60  527
f139  461

## STATE v. READER.

1. **Criminal Law**: ACCOMPLICE: EVIDENCE. On a trial for burning a jail, a witness who testified that, on the night of the fire, the defendant invited him to go down and see him "upset the jail;" that he did go down, and saw him wrench off the lock from the door of the jail and enter it; and that the defendant afterwards confessed to him that he had burned the jail—was not shown by such testimony to be an accomplice, and there was no occasion for the court to instruct the jury as to the necessity of his being corroborated, to justify them in finding a verdict of guilty.

2. ———: VENUE: INCORPORATED TOWN: JUDICIAL NOTICE. When a crime is alleged to have been committed in an incorporated town, the courts will take judicial notice of what county such town is situated in, and, in such case, a failure to prove the county is not fatal.

*Appeal from Hardin District Court.*

TUESDAY, APRIL 3.

THE defendant was convicted of the crime of arson. Judgment having been rendered upon the verdict, he appeals to this court.

*T. H. Milner*, for appellant.

*Smith McPherson, Attorney-general*, for the State.

ADAMS, J.—The property which the defendant was charged with burning was a jail, or calaboose, in the incorporated town of Iowa Falls. The evidence is undisputed that the building in question was burned in the night time, near morning, on or about the first day of September, 1881. The defend-

ant at the time was residing upon a farm with one Pierce, about three or four miles from the town. During the night of the fire, however, he stayed in town. He had previously been confined in this jail, and made threats of burning it. On the evening previous to the fire, about 10 or 11 o'clock, according to the testimony of one witness, he was seen by him to wrench off the lock from the door of the jail and enter it. The same witness testified that he heard the defendant state afterward that he burned the jail, and did so by setting fire to a bed tick. Other witnesses also testified to hearing him state that he burned the jail.

I.  The defendant contends that the witness who testified to seeing him enter the jail the evening previous to the fire was shown to be an accomplice, and that, being such, the court should have instructed the jury in regard to the necessity of his being corroborated, to justify them in finding a verdict of guilty. The evidence relied upon as showing that the defendant was an accomplice is the testimony of the witness himself. He testified in substance that the defendant invited him to go down and see him upset the jail; that he did go down, and saw him enter it as before described, he remaining, in the meantime, outside, about a rod from the door. But there is no evidence that he gave any assistance or advice, or supposed that the jail had been set on fire when he left it. We cannot say, then, that there was any evidence that he was an accomplice. Besides, we think that the witness was abundantly corroborated by the testimony of those who heard him say that he set the jail on fire. It is true that, at one time when he was heard to say this, he was supposed to be in jest, but it is not shown that he was so supposed at other times.

II.  The defendant contends that his confessions, as shown by the evidence, were all made out of court, and that, being such, they alone were not sufficient to convict him, citing section 4427 of the Code. But these confessions do not stand alone. We have the evidence that he was seen to wrench

the lock from the door and enter the building late in the evening previous to the fire.

III. It is contended by the defendant that the venue is not proven. But it is shown that the crime was committed in the incorporated town of Iowa Falls, and we think that we may take judicial notice that Iowa Falls is in Hardin County. Section 424 of the Code requires us to take judicial notice of the fact of the incorporation of incorporated towns. This being so, we should, we think, take judicial notice of the acts by which a town becomes incorporated, so far as they are made to appear upon public records provided by law for such purpose. The petition for the incorporation of a town must describe its territory and be accompanied by a plat, and must be presented to the Circuit Court of the proper county. Code, § 421. It follows, we think, that we take judicial notice in what county a given incorporated town is situated.

We see no error in the rulings of the District Court.

AFFIRMED.