MICHAEL SULLIVAN

*v.*

THE PEOPLE OF THE STATE OF ILLINOIS.

*Filed at Springfield September 27, 1887.*

1. CRIMINAL LAW—*proof of the venue of the crime.* It is not essential that the evidence shall directly and positively show that the offence of which one is charged was committed in the county. It will be sufficient if that fact is shown from the entire evidence. Proof that a crime was committed in Chicago, is proof that it was committed in Cook county, as the court will take judicial notice that Chicago is in Cook county.

2. PRACTICE—*when specific objection should be made—as to admissibility of evidence.* The objection to the admission of a record of a former conviction of one charged with crime, that the defendant is not identified as the person formerly convicted, should be specifically made on the trial, so that it might be obviated by other proof. A general objection will not save the point in this court.

WRIT OF ERROR to the Criminal Court of Cook county; the Hon. ROLLIN S. WILLIAMSON, Judge, presiding.

Mr. GEORGE H. KETTELLE, for the plaintiff in error:

The record purports to contain all the evidence given on the trial below, and it does not appear affirmatively that the offence charged was committed in the county alleged in the indictment. *Rice* v. *People,* 38 Ill. 435; *Jackson* v. *People,* 40 id. 405.

It does not appear affirmatively, from the evidence in this case, that the Michael Sullivan convicted of larceny on the 5th day of May, 1880, was the plaintiff in error. Without this evidence, the introduction of the record of the conviction of one Michael Sullivan on that day was an error. Something more is needed than the mere record evidence of the conviction of one Michael Sullivan, as the question of previous conviction involves that of identity, and this is an important question to be passed upon by the jury. 1 Bishop on Crim.

Law, sec. 963; *Hines* v. *State,* 26 Ga. 614; *Brooks* v. *Commonwealth,* 2 Rob. (Va.) 845.

The mere fact of the same name won't do, because there were many Michael Sullivans in Cook county, in May, 1880, the directory of the city of Chicago, alone, giving over twenty of that exact name. Of the many Michael Sullivans living in Cook county in 1880, which was the one convicted of larceny on the 5th day of May, 1880, by the Criminal Court of Cook county, as alleged in the indictment? The record in this case is silent upon this question, as well as the fact that the plaintiff in error was the Michael Sullivan convicted of larceny in the Criminal Court of Cook county, on the 5th day of May, 1880. Identity of name is not, by itself, when the name is common, and when it is borne by several persons in the same circles of society, sufficient to sustain a conclusion of identity of person. 1 Wharton on Crim. Ev. sec. 802.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

At a term of the Criminal Court of Cook county, Michael Sullivan was tried and found guilty of the crime of burglary, and his punishment fixed at twenty years in the penitentiary. Two grounds of error are relied upon for the reversal of the judgment.

*First*—It is said, although the record purports to contain all the evidence given upon the trial, it does not affirmatively appear the offence charged was committed in the county alleged in the indictment. This, it is thought, is a misapprehension of the evidence. It is charged in the indictment, the offence of which defendant was convicted was committed in Cook county, and when all the evidence in the case is considered, that fact sufficiently appears. The prosecuting witness testified she lived on "Emerson avenue, formerly called Ashley street," and that the offence was committed in her house. One of the witnesses for the defence testified that she

lived near the prosecuting witness, at whose house the trouble occurred, and that she had lived on Emerson avenue twenty years and in Chicago twenty-seven years. This evidence, considered in connection with the affirmative fact that appears from the record the trial was had in Cook county, where it is alleged the offence was perpetrated, is sufficient to support the finding of the jury the offence was committed in the county of Cook, as alleged in the indictment. It is proved the offence was committed on "Emerson avenue," and that it is a street in Chicago. Of course this court will take judicial notice that Chicago is in Cook county. Proof that a crime is committed in Chicago, is proof that it was committed in Cook county. On the whole record considered, not the slightest doubt remains the offence of which defendant was convicted was "committed in the county alleged in the indictment."

*Second*—The prosecution gave in evidence the record of a former conviction of Michael Sullivan, and that, it is said, was error, for the reason it does not affirmatively appear, from the evidence in the case, the Michael Sullivan formerly convicted was the present defendant. The objection taken to the admission of the record of the prior conviction was general. No particular objection was pointed out. The point now insisted upon should have been made at the trial. Had it been made, then the objection to the admission of the evidence might have been obviated by proof at once,—otherwise defendant would have had the benefit of his objection. Defendant ought not to be allowed the benefit of an objection to the mere admission of evidence that he did not make or insist upon in the trial court.

Whether defendant is guilty of the crime as alleged against him, of course is a question of fact; and as the evidence touching that fact is conflicting, this court would not feel warranted in reversing the finding of the jury except for the strongest reasons. There is evidence, if the jury believed it, that would warrant the verdict. On a full consideration of the evidence it can not be fairly said the verdict is so much against the

weight of the evidence it ought to be set aside. It was the province of the jury to find whether defendant was guilty or not, and the court before whom the cause was tried having approved the finding by rendering judgment on the verdict, that judgment should not now be reversed unless it plainly appeared the finding of the jury was so much against the weight of the evidence as to do injustice.

The judgment will be affirmed.

*Judgment affirmed.*

Mr. JUSTICE SHOPE, dissenting.