THE KANSAS CITY, FORT SCOTT & GULF RAILROAD COMPANY v. W. M. BURGE.

1. FACTS, *Judicial Notice of.* Judicial notice will be taken of the location of Fort Scott, and of the boundaries of Bourbon county; and also that a place two miles distant from Fort Scott is within that county.

2. STOCK-KILLING CASE—*Attorney-Fee.* To recover an attorney's fee under the railroad stock law, it is not essential that the plaintiff should state in his pleading that the employment of an attorney in the case was necessary. A full statement of the facts concerning the injury, and a prayer for an attorney's fee, will sustain such a recovery. (*Railway Co. v. Abney*, 30 Kas. 41.)

3. ———— The testimony examined, and *held* to be sufficient to sustain the verdict and judgment.

*Motion for Rehearing.*

THE facts are stated in *K. C. Ft. S. & G. Rld. Co. v. Burge*, decided at the session of the court in December, 1888, and in the opinion herein, filed at the session in May, 1889.

*Wallace Pratt*, and *Charles W. Blair*, for plaintiff in error.

*Ware, Biddle & Cory*, for defendant in error.

The opinion of the court was delivered by

JOHNSTON, J.: This was a statutory action to recover the value of a colt killed by the Kansas City, Fort Scott & Gulf

Company in the operation of its railway. The principal question presented in this court was the sufficiency of the proof offered to show that the colt was killed in the county of Bourbon, where the action was brought and a negative decision was first given. A reëxamination of the case, in which for the first time we are aided by a brief of defendant in error, convinces us that the testimony given and the facts which come within the range of judicial notice show that the colt was killed in the county where the suit was instituted and tried. There was no direct testimony that the point where the accident occurred was within the limits of the county, but the proof did clearly establish that it happened at a point within two miles of the place of trial, which we must know is Fort Scott; and it must be further judicially noticed that that point is in Bourbon county. A court is bound to take judicial notice of leading and permanent geographical facts and features of the country, at least such as are universally recognized within its territorial jurisdiction. In Wharton on Evidence, § 339, it is said :

"A court sitting in a particular city is bound to know the general scenery of such a city, and its divisions into streets and wards; the courts of a particular state to know the boundaries of the state and its divisions into towns and counties, and the limits of such divisions, and of its judicial districts; the positions of leading cities and villages in such state, and the natural boundaries of the state."

See also *Wood v. Fowler*, 26 Kas. 682; *City of Solomon v. Hughes*, 24 id. 211; *Hoyt v. Russell*, 117 U. S. 401; Wade on the Law of Notice, § 1410.

It is well settled that notice will be taken by the courts of legislative acts of a public nature without proof of their existence, and Fort Scott having been incorporated and its boundaries defined by a public act, judicial notice must be taken of its location. (Territorial Laws of 1860, ch. 54; *Prell v. McDonald*, 7 Kas. 426.) And for the same reason judicial cognizance must be taken of the boundaries of Bourbon county. (Comp. Laws of 1885, ch. 24, § 8.) The loca-

47 — 40 KAS.

tion of Fort Scott and the limits of the county being known, the court cannot fail to recognize that the point two miles from Fort Scott is within the county.

In an action in Indiana, under a railroad stock law similar to ours, where the evidence showed that the animals were killed between two named geographical points—that is, between London and Shelbyville—but did not show in terms in what county it occurred, the supreme court of that state held that the court trying the cause could take judicial notice of the places named, and that they were within Shelby county. (*Ind. & Cin. Rld. Co. v. Moore*, 16 Ind. 43.) In a like case before the same court, it was urged that there was no proof that the animal was killed in Boone county, where the trial occurred. The testimony was that it was killed about half a mile north-west of Hazelrigg station, and it was there held that notice should be taken of the location of the place designated, and that it was within Boone county. (*Ind. & Cin. Rld. Co. v. Stevens*, 28 Ind. 429.) In *Terre Haute & Ind. Rld. Co. v. Pierce*, 95 Ind. 502, a recovery was sought for a horse killed in Parke county. The testimony established the fact that the injury occurred on the railroad one mile north of Rosedale, but did not expressly show the county in which it happened. It was held that the court would take judicial notice of the geography of the country, and must judicially know that a point on the railroad a mile north of Rosedale would be in Parke county. (See also *Rld. Co. v. Case*, 15 Ind. 42; *Rld. Co. v. Hixon*, 101 id. 337.)

The Missouri cases cited by plaintiff in error, where it was held that the court would not infer that a point named was within a certain township, were brought under a statute which provides that such actions shall be brought before a justice of the peace of the township in which the injury happened, or an adjoining township. There the township lines are subject to change, and are made and unmade at the discretion of a local tribunal; and the cases differ greatly from this one, where the location of the city and the boundaries of the county are fixed by public legislative acts.

The other objections to the judgment must also be over-
ruled.    It is contended that no facts were stated in the bill of
particulars which would warrant the allowance of an attorney's
fee.    There was no statement in the pleading that it was nec-
essary to employ an attorney in the case, but the facts were
fully stated respecting the occurrence of the injury, and then,
in the prayer, judgment was asked for the value of the colt,
and also for an attorney's fee of $35.    This was sufficient.
(*Railway Co. v. Abney*, 30 Kas. 41.)    The sufficiency of the
evidence is challenged, but we think there was enough to up-
hold the verdict.    It sufficiently shows that the fence along
the track, and which formed a part of the inclosure from which
the colt escaped, was defective, and that this defect was known
to the company.    The animal was in the pasture adjoining the
track, in the evening, and about nine o'clock at night it was
struck by the engine, and killed.    Witnesses testified that the
hair of the colt was found on the posts at the narrow gap in
the fence through which the colt crowded, and that its tracks
could be seen leading to the railway, and down the railway
track to a crossing, where it was killed.    The theory of the
plaintiff below, and there is some testimony tending to sus-
tain it, is that the colt ran ahead of the engine, into a cattle-
guard, and was there struck and thrown out on the highway,
where it was found.    The engineer and fireman state that it
was standing on the crossing of the highway, headed in the
same direction that the train was going, when it was killed;
and the jury found that it was struck on the crossing.    But
the fact that it was struck and killed on the crossing of the
highway will not necessarily defeat a recovery.    If it escaped
from the pasture through the gap, and the injury occurred
through the failure of the company to properly fence its road,
then a liability under the statute arises.    Of course, if it went
upon the track over the highway, and not through the fence
of the company, the owner could not maintain the action; but
where the lack of a fence furnishes the opportunity for the
injury, and it occurs for that reason, the statute applies, and
the liability for the injury may be enforced.    Upon competent

testimony, the jury specially found that the colt went upon the track through the defective fence, and by the general verdict it was necessarily found that the injury resulted from the failure of the company to provide a good and lawful fence.

The objections on the ground of variance, and to the charge of the court, are not well taken.

The former order of reversal will be set aside, and the judgment of the district court affirmed.

All the Justices concurring.