THE STATE OF KANSAS v. EDWARD BROOKS.

No. 645.

CRIMINAL LAW — *Venue—Judicial Notice.*   Courts will take judicial notice that the city of Topeka, Kansas, is in Shawnee county, and proof that an offense was committed in the city of Topeka, Kansas, is proof that it was committed in Shawnee county.

Appeal from Shawnee district court; Z. T. HAZEN, judge.   Opinion filed April 26, 1899.   Affirmed.

*A. A. Godard*, attorney-general, and *A. P. Jetmore*, for The State.

*Otis E. Hungate*, for appellant.

The opinion of the court was delivered by

WELLS, J. :   The only reason urged by the defendant why the judgment of the district court should be reversed is that the state failed to prove that the offense was committed in Shawnee county.   A review of the evidence shows that of the witnesses who testified on the trial each one located the place where the offense was committed as 514 or 516 Kansas avenue, or both of, said numbers, except George Bass, who located it at 514, without even giving the name of the street, and R. M. Curtis at 514 and 516 Kansas avenue, up-stairs, known as the Jockheck building; but by agreement the affidavit of George Hungate was admitted, and in his evidence the location was fixed at 514 and 516 Kansas avenue, in the city of Topeka, Kansas.   This was sufficient to fix the venue. Courts will take judicial notice of such general facts as everybody in their jurisdiction is supposed to know. In *State v. Reader*, 60 Iowa, 527, 15 N. W. 423, it was said : ''As the court will take judicial notice in what

county a given incorporated town is situated, when it is proven that a crime was committed in an incorporated town, the venue is sufficiently shown." In *Sullivan v. People*, 122 Ill. 385, 13 N. E. 248, it was held : "The court will take judicial notice that Chicago is in Cook county, and proof that a crime is committed in Chicago is proof that it was committed in Cook county."

The evidence was sufficient to sustain the verdict. The judgment of the district court is affirmed.