THE STATE OF KANSAS v. LYMAN FORD.

No. 15,514. (91 Pac. 1066.)

SYLLABUS BY THE COURT.

INTOXICATING LIQUORS—*Nuisance—Proof of Ownership—Circumstantial Evidence.* In a prosecution upon a charge of keeping a place where intoxicating liquors were sold in violation of law, where evidence has already been introduced tending to show that the defendant was in control of the premises in question, it is not error to permit the state to show that a number of bills for liquor and other goods found there at the time of the arrest, apparently relating to the business there carried on, were made out in his name, as a circumstance tending to show that he was the proprietor.

Appeal from Allen district court; OSCAR FOUST, judge. Opinion filed October 5, 1907. Affirmed.

*Fred S. Jackson,* attorney-general, for The State; *C. L. Evans,* of counsel.

*Ewing, Gard & Gard,* for appellant.

The opinion of the court was delivered by

, MASON, J.: Lyman Ford was arrested upon the charge of being the keeper of a place where intoxicating liquors were sold in violation of law. It was shown at the trial, in addition to other evidence tending to connect him with the management of the place, that at the time of his arrest there were found in a cash-register in use there several bills, or statements, purporting to show the sale to him of liquors, ice and other goods. No effort was made by the state to prove by whom these documents were made or any fact in regard to them, except as has already been stated, and the defendant, upon an appeal from a conviction, contends that they were not competent as evidence against him and that their admission was erroneous.

The fact that bills found in Ford's presence upon the premises and apparently relating to the business there carried on were made out in his name certainly had some tendency to establish, not perhaps that any specific items therein named had actually been sold to him, but that he was the proprietor of the place. Such evidence is admissible upon much the same principle by which upon an issue of ownership it is permissible to show that the accused assumed to be in control of the place in question (*The State v. Skinner,* 34 Kan. 256, 8 Pac. 420), or that his name appeared upon the sign (*Commonwealth v. Intoxicating Liquors,* 122 Mass. 36), or that his initials were marked upon casks containing liquor which were delivered there (*Commonwealth v. Jennings,* 107 Mass. 488). In the case last cited it was said:

"Couch further testified, without objection, that he

made a seizure at the tenement in October, 1870, when the defendant was not present; and that some kegs stood near the door, with bright and fresh express tags attached to them. The district attorney asked how the kegs came there, and the witness said he did not know, except what the tags said. The district attorney asked what was on the tags, and the defendant objected. The judge overruled the objection, and admitted the evidence to show that the tenement was kept and used by the defendant at the time alleged in the indictment; and the witness answered that the tags were marked 'J. J.,' and also with the name of the express from Ware. No further evidence was given as to these tags; and all the testimony in relation to them was excepted to by the defendant. . . . The testimony as to the tags was admissible. It constituted a part of the description of the kegs found at the tenement in question, and in connection with the evidence of the defendant's continued presence there, and acts of control, had some tendency to show that he was still keeping the tenement. It was for the jury to say whether the kegs were thus marked with his knowledge." (Pages 489, 491.)

More closely in point upon the facts is the case of *Commonwealth v. Jacobs,* 152 Mass. 276, 25 N. E. 463. The scope of the decision is indicated by the last paragraph of the syllabus, which reads:

"Upon an indictment for maintaining a place used by a club for illegally selling, distributing, and dispensing intoxicating liquors, books and papers relating to the business of the club, and found lying about the premises, of which the defendant had charge, as well as of such business, are admissible in evidence against him."

The character of the documents there referred to and the theory upon which they were admitted in evidence are shown by these extracts from the statement and opinion:

"A paper found in an unlocked locker, on one of the occasions above referred to, which was a printed form of receipt for 'initiation fee' and 'monthly dues' to the Warren Club, and a book also found on the top of a locker, in plain sight, projecting over and beyond the

top, containing memoranda of purchases of ice, sugar and lemons, and of express charges on liquors paid by the Warren Club, averaging over ten dollars per day, were admitted in evidence, against the defendant's objection; and the defendant ·excepted. . . . The paper and the book, to the admission of which in evidence exception was taken, were on the premises of which the defendant had the care, and where he might have seen them. They pertained to the business of which he had charge, and were rightly admitted." (Pages 280, 283.)

A recent case to the same effect is *Reynolds v. State of Florida,* 52 Fla. 409, 42 South. 373, the first paragraph of the syllabus reading:

"Under the rule that indirect, collateral or circumstantial evidence is admissible when it tends to elucidate the inquiry, or to assist, though remotely, to a determination probably founded in truth, it is proper in a prosecution for illegally selling liquor, to admit in evidence jugs which smelled as if they had had whisky in them, found at defendant's place of business when he was arrested under the charge. Upon the same principle, papers acknowledging the receipt of orders for whisky, and a letter offering commissions on sales of liquor, found at his place of business a few days after his arrest, are admissible in evidence, their probative force and effect to be determined by the jury in connection with other evidence."

The judgment is affirmed.