The State v. Dollar.

---

THE STATE OF KANSAS, *Appellee,* v. JOHN DOLLAR, HERMAN KRUGER and JOHN PODPECHAN, *Appellants.*

No. 18,086.

SYLLABUS BY THE COURT.

1. INTOXICATING LIQUORS—*Evidence—Receipts of Carloads of Beer.* On a trial upon the charge of selling intoxicating liquor in violation of law it is competent to show that the accused ordered and received eight to twelve carloads of beer at the railroad station in the town, where, as was claimed, they did the unlawful business, for any period within two years before the commencement of the action.

2. ——— *Evidence—Government Internal Revenue Receipts.* It is also competent in such action to show that the accused, during all or a portion of the two years preceding the commencement of the action, had procured internal revenue receipts as wholesale malt liquor dealers, setting forth the names to whom issued, the place the business is to be conducted, and the time of the issuance thereof.

3. —— *Evidence—Papers Found in Place of Business.* In such case, after a witness has testified to buying beer repeatedly in cases and half-barrels, it is competent to introduce papers which are shown to have been found in the place of business of such witness, and which purport to evidence the payment to accused for liquors received from time to time and during the time testified to by the witness and within two years prior to the commencement of the action.

4. JUDICIAL NOTICE—*Location of Cities and Towns.* In such case, where the question of sufficiency of proof of venue is first raised on appeal, this court may take judicial notice of the fact that certain incorporated cities and towns are located in certain counties, and also, from evidence of certain directions and distances in establishing the location of certain places with reference to said cities and towns, that said places are also within the boundaries of said counties.

Appeal from Crawford district court. Opinion filed December 7, 1912. Affirmed.

*B. S. Gaitskill,* of Girard, for the appellants.

*John S. Dawson,* attorney-general, and *W. P. Montgomery,* special assistant attorney-general, for the appellee.

The opinion of the court was delivered by

SMITH, J.: The first assignment of error is that the evidence in regard to the shipments of beer ordered and received did not tend to prove any of the specific sales charged, and therefore should have been excluded. *The State v. Schoenthaler,* 63 Kan. 148, 65 Pac. 235, is cited in support of this contention. The accumulation of a large amount of intoxicating liquors—so large as to rebut any presumption that the liquors are for personal use, and entirely unexplained—affords ground for the inference that such accumulation is in preparation for a sale or sales. This is the gist of the Schoenthaler case, *supra.* Such inference is proper on the trial of a charge of unlawful sales as well as upon a charge of maintaining a nuisance. It is circumstantial evidence,

not of a specific sale, but, unexplained, of preparation to engage in the business of selling the liquors.

To sustain a conviction upon any charge in this case there must be evidence of a specific sale at the time and place charged, but circumstantial evidence tending to establish guilt may be considered as in other cases.

Assignments of error from 11 to 21, inclusive, relate to the admission in evidence of exhibits Nos. 5 to 12, inclusive. These exhibits purport on their face to be statements of the amount of beer bought by one Joe Nepote of John Dollar and Company, a firm composed of the appellants. A part of these statements are also receipted, as paid in full, by H. Kruger, one of the appellants. Before the introduction of these exhibits, a witness had testified that he found the exhibits in the place of business of Joe Nepote, who had testified that they represented purchases of beer which he had bought of John Dollar and Company, as indicated by the exhibits, and that he had paid the appellants for the same. The statements were properly admitted as corroborative evidence. Similar statements, purporting to be receipts for payments for beer made by Mrs. Kolorich to the firm composed of the appellants, she having testified to numerous purchases of beer from the appellants, were properly admitted.

The case of *The State v. Ford,* 76 Kan. 424, 91 Pac. 1066, is cited as sustaining the contention of the appellants but the cases are dissimilar. If these exhibits had been introduced without the evidence of Joe Nepote the situation would be similar to the Ford case, but, introduced in connection with the evidence of Joe Nepote, we think the evidence tends to show numerous sales from the appellants to Joe Nepote within the time as charged in the information. It is true that Joe Nepote testified that for some of the sales represented by these exhibits, if not all of them, he paid the sum stated at Minden, Mo., or near there, but under the evidence and circumstances of the case the jury may

not have credited this statement. It appears immaterial anyway. Nepote testified that he did not pay the bills as the beer was delivered but paid up every week or two. If beer was sold to him on credit in Crawford county, Kansas, the sale was complete upon delivery thereof, and it makes no difference when or where the bill was paid.

The internal revenue receipts or stamps are also competent as circumstantial evidence to show that one is preparing to engage in the business of selling liquors. There seems to be evidence of sales at the several dates the state elected to rely upon.

It is contended that there is no evidence that the alleged sales were made in Crawford county. Formal proof was not made in these words, but there was evidence that certain of the sales were made at Joe Nepote's place in Frontenac, and that others of the sales were made at Mrs. Kolorich's, and that her place is between Franklin and Curranville. There is specific evidence that Yale is in Crawford county, and the evidence of the distance shown between Frontenac and Yale, and between Mrs. Kolorich's place and Yale, Franklin and Curranville, is sufficient to identify the places of sale as within the county. At any rate, aided by the evidence of the distance and direction of these places from Yale, the court takes judicial notice that they are all located in Crawford county, Kansas. (*Wood v. Fowler,* 26 Kan. 682; *K. C. Ft. S. & G. Rld. Co. v. Burge,* 40 Kan. 736, 21 Pac. 589; *The State v. Brooks,* 8 Kan. App. 344, 56 Pac. 1127; *The State v. Stockman,* 71 Kan. 852, 80 Pac. 1134; *Monford v. The State,* 35 Tex. Cr. Rep. 237, 33 S. W. 351; *Equitable Life Ins. Co. v. Gleason,* 56 Iowa, 47, 8 N. W. 790.)

We have examined the claims of error in overruling the motion for a new trial as well as in the giving and refusal of instructions. The overruling of the motion for a new trial presupposes a finding of fact by the court that the jury did not consider improper state-

ments or evidence in arriving at the verdict. Such finding has support in the evidence and, although there is evidence to the contrary, the usual rule is, in such situation, to sustain the finding. There seems to have been a fair trial, and although the penalties are great the severity thereof results only from the great numbers of misdemeanors of which the appellants were each found guilty—the lowest penalty authorized by law being adjudged in each case.

The judgment is affirmed.