No. 24,929.

THE STATE OF KANSAS, *Appellee,* v. FRANCIS BOOKER, *Appellant.*

SYLLABUS BY THE COURT.

1. CRIMINAL LAW—*Statutory Rape—Venue Proven.* In a prosecution for rape, there was evidence which tended to show that the prosecutrix and the defendant with other persons visited a number of places near the courthouse in Great Bend where the trial took place and that at one of those places, naming it, the crime was committed. *Held,* that the evidence was sufficient to show the crime was committed in Barton county.

2. SAME—*Statutory Rape—Completion of Crime Proven.* In a prosecution for having carnal knowledge of a girl less than eighteen years old, testimony by the prosecutrix that the defendant had carnal knowledge of her and testimony by a physician that the vaginal orifice of the prosecutrix had been penetrated is sufficient to prove penetration.

Appeal from Barton district court; CLYDE R. DOUGLASS, judge. Opinion filed October 6, 1923. Affirmed.

*D. A. Banta,* of Great Bend, for the appellant.

*C. B. Griffith,* attorney-general, and *W. J. Weber,* county attorney, for the appellee.

The opinion of the court was delivered by

MARSHALL, J.: The defendant appeals from a judgment convicting him of having carnal knowledge of a female person under the age of eighteen years.

1. The defendant contends that the venue was not proved. The case was tried in Barton county, presumably at the courthouse, which fact the evidence tended to show. Concerning the venue, there was evidence for the state which tended to prove that a witness and the defendant met at a restaurant northeast of the courthouse where the case was being tried; that they went to town together, cutting across the courthouse square; that they met the prosecutrix and another girl; that the four passed different places which were named and went to a schoolhouse where the evidence tended to prove the crime was committed; that from the schoolhouse, all four went to Odell street where the witness and the defendant left the girls; and that from there, the witness and the defendant went to the latter's home on Washington street to get some cigarettes. A number of places near the place of trial were named by the witnesses. The court takes judicial notice that the courthouse of

Barton county is located in Great Bend. The evidence was sufficient to prove that the crime was committed in Great Bend in Barton county.

At the close of the evidence for the state, the defendant's demurrer to the evidence was overruled. The defendant then testified that he lived in Great Bend; that he and the witness mentioned above met the girls and went to the schoolhouse. In his testimony, he described one of the places that he went to as "Mr. Morrison's restaurant down here." The evidence of the defendant showed that the crime was committed in Great Bend.

In *The State v. Gibbs*, 105 Kan. 52, 53, 181 Pac. 569, this language is found:

"The defendant, T. J. (Jack) Gibbs, was convicted of stealing domestic fowls in the night-time. (Crimes Act, §§ 78, 79, Gen. Stat. 1915, §§ 3448, 3449.) His main grievance here relates to the overruling of his demurrer and motion for a directed verdict—

"'For the reason that the facts proved fail to state any facts as against this defendant that would authorize a judgment for conviction. They don't connect this defendant anywhere with the chicken stealing at all.'

"This demurrer and motion was filed at the conclusion of the introduction of the state's evidence in chief. It may be conceded that up to that point the state had not completely made out a *prima facie* case against this defendant, and if he had stood on that ruling, and had introduced no evidence in his own defense, the jury would have been bound to acquit him for want of proof (Crim. Code, § 228, Gen. Stat. 1915, § 8149); otherwise this court would order his discharge. But the defendant did not stand on that ruling; evidence was introduced for the defense; and on rebuttal, a codefendant took the witness stand and candidly told of the various thefts of poultry by the defendant and the witness and another person. This evidence made a hopeless predicament for the defendant, and his conviction followed as a matter of course."

2. The defendant urges that there was no evidence to prove penetration. That fact must be proved. The prosecutrix testified that the defendant had carnal knowledge of her. It is presumed that she knew what the expression "carnal knowledge" meant. A physician testified that he had examined the prosecutrix and that the vaginal orifice had been penetrated. That was sufficient evidence to show that penetration had been effected.

The judgment is affirmed.