No. 25,621.

THE STATE OF KANSAS, *Appellee*, v. FRED ATTEBERRY, *Appellant*.

### SYLLABUS BY THE COURT.

1. LIQUOR LAW—*Possession of Liquors—Conviction Sustained by Evidence.* Various errors urged against a conviction and judgment for the offense of having possession of intoxicating liquors, examined, and not sustained.

2. SAME—*Venue, Judicial Notice.* On a question of venue, judicial notice will be taken, without evidence, of the fact that the city of Paola and all the public highways leading thereto for some appreciable distance are in Miami county.

Appeal from Miami district court; JABEZ O. RANKIN, judge. Opinion filed February 7, 1925. Affirmed.

*W. L. Joyce,* and *Karl V. Shawver,* both of Paola, for the appellant.

*Charles B. Griffith,* attorney-general, and *S. J. Shively,* county attorney, for the appellee.

The opinion of the court was delivered by

DAWSON, J.: Defendant was convicted of having intoxicating liquor in his possession.

He assigns various errors, the first of which relates to certain testimony touching the comparative size of the jugs defendant had in his possession, and of their contents. The testimony was competent for what it was worth in the jury's estimation. The second error assigned relates to the exclusion of testimony offered by defendant. Not being presented in support of the motion for a new trial, the ruling is not subject to review. (*The State v. Ball,* 110 Kan. 428, 204 Pac. 701.) Defendant's next grievance pertains to the belated indorsement on the information of names of witnesses. That matter was governed by the trial court's discretion. (*The State v. Price,* 55 Kan. 606, 40 Pac. 1000.) The next complaint is directed at the instructions touching the law relating to possession of intoxicants. We discern no error here either in the instructions given or refused. The trial court was privileged to state the law in its own language, and did state it accurately; it did not need to quote literally the text of some of our decisions on the same subject.

Defendant next argues that the venue was not proved. The evidence showed that defendant and another person drove out of

town from Paola eastward towards some place named "Stringtown" in an automobile. At the request of defendant the car was stopped; defendant got out and picked up a sack with some jugs of liquor hid in the grass by the roadside, placed the stuff in the car, got in, and was driven back to Paola. It may be true that neither Stringtown nor the place by the roadside were shown to be in Miami county, but somewhere on the return journey defendant and his "possessions" got back into Miami county, if in fact he had been outside the county on that journey; and he continued to be in possession of the liquors until he returned to Paola, and thus his possession and exclusive dominion over the contraband property for an appreciable interval of time in Miami county was demonstrated. This court takes judicial notice that the city of Paola and the public highways leading thereto from every direction for some appreciable distance are within Miami county. (*The State v. Brooks,* 8 Kan. App. 344, 56 Pac. 1127; *The State v. Stockman,* 71 Kan. 852, 80 Pac. 1134; *The State v. Dollar,* 88 Kan. 346, 128 Pac. 365.)

The judgment is affirmed.