No. 28,054.

THE STATE OF KANSAS, *Appellee,* v. PHILIP TOELKES, *Appellant.*

(278 Pac. 20.)

Opinion filed June 8, 1929.

*O. O. Osborn,* of Stockton, and *Jerry E. Driscoll,* of Russell, for the appellant.

*William A. Smith,* attorney-general, *R. O. Mason,* assistant attorney-general, *D. A. Hindman,* county attorney, and *J. B. Riseley,* of Stockton, for the appellee.

The opinion of the court was delivered by

DAWSON, J.: The defendant, Philip Toelkes, was convicted of violating the prohibitory law on five counts—three for sales, one for possession, and one for maintaining a nuisance.

The evidence tended to show that defendant and his wife lived on

a farm near Plainville, in Rooks county. By the testimony of various witnesses it was shown that during the times charged in the information, from February, 1926, until July, 1927, Toelkes repeatedly sold intoxicating liquors to various persons, that he kept his supply of liquor, or part of it, in his house, and that he permitted divers persons to come upon his premises to purchase liquors and to drink them on his premises. On one occasion certain persons brought their own beer into his house, and according to their testimony he and his wife helped them drink this beer. Toelkes denied drinking the beer, but admitted that they had brought it into his house and drank it there. A considerable plant for the making of liquor, with the usual paraphernalia, including barrels of mash, a still in use and a fire going, and the like, was discovered in a barn at some distance from Toelkes' premises, but connected therewith by a road from Toelkes' house, which passed through a corral, a lane and certain pasture fields. The presence of a Ford car in Toelkes' yard, which was evidently used for the transportation of liquors, and the tracks of that car which went back and forth between Toelkes' house and this distilling plant, and other evidential incidents, prompted the state to add certain counts to the information charging defendant with the manufacture of liquor and with the possession of paraphernalia for its manufacture, but the jury determined that the evidence was insufficient to identify defendant with the distilling plant, and he was acquitted of the charges pertaining thereto.

From a judgment and aggregate sentences of nineteen months in jail and $1,200 in fines on the counts upon which he was convicted defendant appeals.

The first error assigned pertains to the giving of an instruction relating to the evidence concerning the still and its incidents discovered at some considerable distance from defendant's house. Defendant does not question the accuracy of the rule of law stated in the instruction, but contends that there was not enough evidence connecting him with the still to warrant the submission of that matter to the jury, and that it prejudiced defendant on the other counts to have the incidents concerning the still magnified by any instruction pertaining thereto. This court cannot indorse that argument. It cannot be said that the circumstances tending to implicate defendant in the operation and possession of the still were insufficient to take that phase of the case to the jury (*State v. Lister*, 121 Kan. 524,

247 Pac. 846), and consequently it could not be error to give the jury an instruction pertinent thereto.

Defendant also complains of an instruction which declared that there is a presumption of law that the head of a household is in possession of the visible chattels in his house, but that such presumption is not conclusive and may be rebutted by evidence. The suggested objection to this instruction is that the court assumed that contraband articles, liquor or liquor paraphernalia, actually were found in defendant's house. This criticism is overdrawn. Moreover, there was no dispute about the fact that beer was brought into defendant's house. He admitted that fact, but testified he did not drink it. In other words, he in effect acknowledged that he had suffered persons to foregather in his dwelling house for the purpose of drinking intoxicating liquor as a beverage, which had the effect of turning his house into a nuisance under the statutory definition. (R. S. 21-2130.) The court safeguarded the rights of defendant on this point by instruction 15, which read:

"You are instructed that if intoxicating liquor is brought into one's home and he has no knowledge thereof, he is not responsible if some one else had intoxicating liquor in his home in their immediate possession which did not belong to him."

It is also contended that the evidence was insufficient to support the verdict of guilty. We have already given an abridged summary of the evidence and consider it unnecessary to state it at greater length or to quote literal excerpts therefrom. (*State v. Rose*, 124 Kan. 37, 257 Pac. 731, and citations.) Defendant suggests that the evidence to support the conviction on the sales counts "was unreliable and unworthy." That cannot be discerned from the printed record, and the error based thereon cannot be sustained.

Defendant filed motions for a new trial and in arrest of judgment, but according to the record these were "submitted to the court without argument on either side." Except in unusual circumstances which do not exist in this case (*Beam v. Farmers Union Mutual Hail Ins. Co.*, 127 Kan. 234, 273 Pac. 440), any matters which should have been but were not urged upon the trial court's attention in those motions present nothing for appellate review. (*Bremen State Bank v. Loffler*, 121 Kan. 6, 8, 245 Pac. 742; *State v. Shehi*, 125 Kan. 110, 263 Pac. 787.)

The judgment is affirmed.