No. 32,376

The State of Kansas, *Appellee*, v. Donald Harding, *Appellant*.

(46 P. 2d 617)

Opinion filed July 6, 1935.

*John J. Riling* and *Edward T. Riling,* both of Lawrence, for the appellant.

*Clarence V. Beck,* attorney general, *Earl B. Swarner,* assistant attorney general, and *Richard B. Stevens,* county attorney, for the appellee.

The opinion of the court was delivered by

Dawson, J.: Donald Harding was convicted of murder in the first degree for his part in the killing of H. W. Jones, at his home in Lawrence, on April 5, 1933.

This appeal is chiefly based on Harding's contention that the evidence was insufficient to sustain the verdict.

The facts of the murder, an exceptionally wanton and inexcusable one, were these:

Harding, James Scott and Kenner Myers were seen together in Harding's automobile on the evening of the homicide. Harding took Scott and Myers to the Jones home. Three men entered the Jones home with their faces masked with handkerchiefs. One of the three, Scott, was recognized by Mrs. Jones. Scott said, "Stick 'em up," and shot Mr. Jones. Following the sound of shots, the three men with handkerchiefs over their faces were seen running from the Jones house to an automobile identified as Harding's. Harding was arrested, and after denying any knowledge of the affair, admitted that he took Scott and Myers to the Jones home, and that as soon as he heard the shooting he started to leave, but the other two caught his car before it had gotten up speed. In Harding's pocket was a handkerchief knotted for use as a mask and which fitted his head and face. The circumstantial evidence tended to show that the killing

was incidental to an attempt to rob Jones of a small sum he had recently received as pension money. (R. S. 21-401.)

This court holds that evidence in the record, summarized as above, was sufficient to take the case to the jury.

Defendant complains of the admission in evidence of a statement he made following his arrest—his objection being that it was given under restraint. But merely under restraint of arrest. There was no suggestion it was given under duress. Moreover, it was not introduced as a confession of guilt, but simply as defendant's admission that he had been associating with his codefendants on the evening of the homicide, had taken them to the Jones home, and that they did ride away from the place of the tragedy in his car immediately after the shooting. No shadow of error appears on this point.

The judgment is affirmed.