No. 40,768

STATE OF KANSAS, *Appellee*, v. DONALD RAY FIELDS, *Appellant.*

(318 P. 2d 1018)

*Owen J. Redmond, Jr.,* of Wichita, argued the cause and *Theodore H. Hill,* and *Mearle D. Mason,* both of Wichita, were with him on the briefs for the appellant.

*Roy E. Williams,* Kingman County Attorney, of Kingman, argued the cause

and *John Anderson, Jr.*, Attorney General, was with him on the briefs for the appellee.

The opinion of the court was delivered by

HALL, J.: This is an appeal from a conviction for burglary and larceny contrary to G. S. 1949, 21-524.

The appellant, Donald Ray Fields, together with other accomplices were arrested at approximately 4:00 a. m. on February 14, 1957, in Kingman, Kansas, in possession of cigarettes, beer and candy. A few hours later they were charged with having burglarized a tavern near Cunningham, Kansas.

The appellant was tried and convicted by the jury. During the trial counsel for appellant made numerous objections all of which are the bases of this appeal, and at the close of the state's case asked the discharge of the appellant on the ground that the prosecution had failed to prove the offense was committed in Kingman County, Kansas. The court overruled the motion.

Appellant's principal point on appeal is the failure of the county attorney to lay the venue of the case in Kingman County, Kansas, and the subsequent failure of the court specifically to instruct the jury it must find the offense to have been committed in Kingman County.

The information charged the offense was committed in Kingman County, Kansas. To prove the offense the county attorney called as witnesses the owner of the tavern Harold Schreck; John Steinecker, the janitor; Jesse Salmans, a police officer; Earl Handkins, the sheriff; R. E. Roberts, a highway patrolman; and Jack B. Kitch, one of the accomplices.

At no time in taking the testimony for the state did the county attorney ask any witness if the alleged offense had been committed in Kingman County and none of the witnesses stated that it had; however, there is considerable evidence in the testimony relating to the location of the burglarized tavern.

John Steinecker, the janitor, testified as follows:

"And whereabouts is this building located in Cunningham?
"Answer: On Highway 54 on the west edge.
"Question: On what side of the highway?
"Answer: On the left-hand side.
"Question: Lets call it in directions.
"Answer: On the South side."

Harold Schreck, the owner of the business, made the following reply to the county attorney's question, "What is your business?":

"Answer: A recreation parlor.
"Question: Where is your business located?
"Answer: On Highway 54 on the west edge of Cunningham on the south side of the highway."

Earl Handkins, Sheriff of Kingman County, testified as follows:

"Q. And in what official capacity are you?
"A. Sheriff of Kingman County.
"Q. Were you serving in that capacity on February 14, 1957?
"A. Yes, sir.
"Q. When were you advised of the break-in in Cunningham, Kansas?
"A. Around seven o'clock, February 14.
"Q. Who advised you?
"A. Harold Schreck, Cunningham.
"Q. What did you do then?
"A. We went out to the east side where we heard there had been these three boys picked up. They had already been turned in to me. We went out to the car to see what had been taken out of there and then we went to Cunningham.
"Q. You are referring to we. Who do you mean?
"A. Trooper Roberts was with me.
"Q. Then what did you do? What did you find when you arrived at Cunningham?
"A. Mr. Schreck come in just behind us and opened the door and we went in at the north door and found where the south window on the east side had been broken out."

Jack Bud Kitch called in behalf of the state testified as follows:

"Question: Would you relate to the jury what you did and talk loud enough.
"Answer: We was in Kingman, Kansas, and we broke and entered into Harold Schreck's place through the back window. Broke out a window and went in.
"Question: Where was that place?
"Answer: That was in the west end of the town and on the south side of Highway 54.
"Question: Was that in Cunningham or Kingman?
"Answer: Cunningham.
"Question: And Cunningham is located where from here?
"Answer: Sixteen miles west on Highway 54.
"Question: Where was the building located?
"Answer: West end of town, south side of road."

On this evidence the court properly overruled appellant's motion that the state had failed to prove the venue of the offense in Kingman County.

It is a well established rule in this state that the district courts take judicial notice of the boundaries of counties, the location of incorporated cities within their respective districts, and whether a certain place definitely located by distances and directions from an incorporated city is within the county in which the court is being held. (*The State v. Brooks*, 8 Kan. App. 344, 56 Pac. 1127; *State v. Benson*, 22 Kan. 329 [2nd Ed.]; *K. C. Ft. S. & G. Rld. Co. v. Burge*, 40 Kan. 736, 21 Pac. 589; *Railway Co. v. Paxton*, 75 Kan. 197, 88 Pac. 1082; *The State v. Dollar*, 88 Kan. 346, 128 Pac. 365; *The State v. Pack*, 106 Kan. 188, 186 Pac. 742; *The State v. Kipers*, 109 Kan. 577, 201 Pac. 68; *The State v. Booker*, 114 Kan. 438, 219 Pac. 255; *The State v. Atteberry*, 117 Kan. 650, 232 Pac. 1020; *State v. Bell*, 121 Kan. 866, 250 Pac. 281; *State v. Rafferty*, 145 Kan. 795, 67 P. 2d 1111; *In re Rockwood*, 146 Kan. 386, 69 P. 2d 703; *State v. Dye*, 148 Kan. 421, 83 P. 2d 113.)

All of the witnesses above testified that the building which had been burglarized was located "in" or "on the west edge" of Cunningham. Kitch also testified the building was located 16 miles west of Kingman on Highway 54. While it is true the city of Cunningham is only a short distance from the county line the court here was entitled to take judicial notice that a building "on the west edge" of the city of Cunningham and "a point sixteen miles west of Kingman on Highway 54" were locations within the county of Kingman.

Likewise the testimony of the witnesses gave the jury ample evidence to determine that the offense had been committed within the county.

Similar facts were presented in *State v. Rafferty*, supra, where the court held venue was properly laid.

"At the close of the state's evidence, which was about as it has been detailed here, defendant moved the court to discharge him, first because the information in the second count did not charge a crime against the laws of Kansas, and second because the evidence failed to prove any crime against the laws of the state. The motion was overruled, and this is urged as error. The first ground will be noticed presently. The argument to sustain the second ground is first that the evidence of the state did not show that the robbery happened in Linn county, Kansas. Defendant argues that the court cannot take judicial notice of the fact that Blue Mound is in Kansas because there is a Blue Mound in Missouri and a Blue Mound in Oklahoma. Without detailing the evidence we have concluded that there was circumstantial evidence in the record from which the jury was warranted in finding that the town where all this occurred was Blue Mound, Kan., in Linn county. Furthermore, this

court and the district court can take judicial notice of the fact that Blue Mound, Kan., is in Linn county. . . ." (p. 799.)

Appellant cites *State v. Shehi*, 125 Kan. 110, 263 Pac. 787; *State v. Toelkes*, 128 Kan. 293, 278 Pac. 20; *State v. Long*, 148 Kan. 47, 79 P. 2d 837; *State v. Edwards*, 151 Kan. 365, 99 P. 2d 836, to substantiate his position. These cases are distinguishable. In the Long case the court said:

"The court holds that this evidence was quite sufficient to lay the venue in Rice county. (*State v. Bell*, 121 Kan. 866, 869, 250 Pac 281.) Moreover, it does not appear that this question of venue was raised in the trial court. If not, it is not entitled to consideration here. (*State v. Shehi*, 125 Kan. 110, 262 Pac. 787; *State v. Toelkes*, 128 Kan. 293, 278 Pac. 20.)" (p. 48.)

Appellant here properly raised the question of venue in the trial court, so these authorities are not applicable.

Under the provisions of G. S. 1949, 62-401 the venue of an offense is jurisdictional and it must be proved to establish the jurisdiction of the court (*Hagan v. The State*, 4 Kan. 75 [2nd Ed.].) but by the great weight of authority it is not necessary to prove this fact by specific question and answer. It may be established by other competent evidence that the offense was committed in the jurisdiction of the court. However, to avoid prejudicial error the facts of venue ought always to be firmly established by the state. See *In re Rockwood*, supra, where this court said:

"The petitioner also raises a question touching the failure to prove the venue, because of the oversight, if such it was, to introduce evidence that the alleged offenses were committed in Sedgwick county. This point is of no consequence in this case; but such a 'slip' in the state's proof, while never to be commended, is not ordinarily held to constitute prejudicial error nowadays. (See *State v. Bell*, 121 Kan. 866, 250 Pac. 281, and citations.)" (p. 389.)

Appellant also complains that the court failed specifically to instruct the jury it must find the crime was committed in Kingman County, Kansas. In support of his position he sets out instructions Nos. 13 and 14 describing the elements of the crime and in which the court did not specifically instruct on venue.

If the court had not covered venue in other instructions its failure to do so would be reversible error (*Hagan v. The State*, supra). But instruction No. 1 was as follows:

"This is a criminal action. In the information filed by the County Attorney it is alleged that Fred Thomas Goldman, Donald Ray Fields and Jack Bud Kitch, in the County of Kingman and State of Kansas, did, . . . break into . . . take and carry away property. . . ."

The court also stated that all its instructions were to be considered with and in the light of all its other instructions, following the rule of law in criminal cases that all instructions must be considered together (*State v. Spohr*, 171 Kan. 129, 230 P. 2d 1013; *State v. Burgett*, 174 Kan. 102, 254 P. 2d 254).

Taking instructions Nos. 1, 13 and 14 together it cannot be said the appellant suffered prejudicial error as a result of the failure of the court specifically to include venue in instructions Nos. 13 and 14.

Appellant also objected to the testimony of the police officer regarding statements made by appellant after his arrest and contends such testimony was in violation of the Constitution of Kansas, Bill of Rights, Section 10 which provides that no person shall be a witness against himself. He relies on *Claflin v. State*, 154 Kan. 452, 119 P. 2d 540.

The Claflin case involved an involuntary statement which is not in this case.

It has long been the rule that such oral admissions against interest in criminal prosecutions are properly admitted as evidence if fully made, without inducement or duress, or brought about by some other improper means, and such admissions do not contravene Section 10 of the Bill of Rights against self-incrimination. (*The State v. Campbell*, 73 Kan. 688, 85 Pac. 784; *The State v. Adams*, 85 Kan. 435, 116 Pac. 608; *State v. Harding*, 142 Kan. 347, 46 P. 2d 617; *State v. Criger*, 151 Kan. 176, 98 P. 2d 133; *State v. Smith*, 158 Kan. 645, 149 P. 2d 600; *State v. Fouts*, 169 Kan. 686, 221 P. 2d 841; *State v. Stewart*, 179 Kan. 445, 296 P. 2d 1071.)

See, also, 20 Am. Jur., Evidence, §§ 559, 560, and 561.

Other assignments of error by appellant relating to the admission of evidence, conduct of the court toward the jury, and the failure to separate witnesses, have been considered and while some may be regarded as technical errors, they do not affect the substantial rights of appellant and thus cannot be considered reversible error. (G. S. 1949, 62-1718; *State v. Lytle*, 177 Kan. 408, 280 P. 2d 924.)

The judgment is affirmed.