Donna Whiteman, Secretary Kansas Department of Social and Rehabilitation Services 915 S.W. Harrison Street Topeka, Kansas 66612
Dear Secretary Whiteman:
You request our opinion regarding the recently enacted sexual predator act (act) and its application to juvenile offenders. In addition, you request our consideration of the act's requirement of disclosure of treatment records to the prosecuting attorney in light of the numerous statutes which make such records confidential. Your remaining questions involve various other aspects of the act.
We first address your query regarding whether the sexual predator act applies to juvenile offenders. As you know, the act establishes a procedure for civil commitment of offenders who have served a sentence or term of confinement and who are found to be sexually violent predators. Upon such a finding by a court or jury, the person is committed to the custody of SRS until such time as the mental abnormality or personality disorder changes so that he or she is safe to be released.
"Sexually violent predator" is defined, in part, as "any person who has been convicted of or charged with a sexually violent offense". L. 1994, ch. 316, sec. 2(a). Section 3 of the act (L. 1994, ch. 316, sec. 3) requires notice to a prosecuting attorney upon the anticipated release "of a person who has been convicted of a sexually violent offense."
In Kansas, a juvenile proceeding is a civil proceeding of a protective nature totally divorced from any criminal implications. K.S.A. 38-1601. A design of juvenile law is to avoid charging the juvenile offender with a crime thus making inappropriate the application of criminal laws. Stateex rel. v. Owens, 197 Kan. 212 (1966); State v. Muhammad, 237 Kan. 850, 854
(1985). It is our opinion that a juvenile offender does not meet the definition of "sexually violent predator" because a juvenile offender, by definition, has not been charged with or convicted of any crime. Our opinion is buttressed by the fact that this act is closely modeled after a Washington state statute that specifically requires notice if a juvenile who has committed a sexually violent offense is about to be released. The Kansas act contains the same notice provisions as the Washington law with the sole exception of the juvenile provision thereby establishing the legislature's intent to exclude juvenile offenders from consideration under this act.
Your second query is whether SRS must disclose to the prosecuting attorney documentation of "treatment recevied" of persons who reside in state treatment facilities. L. 1994, ch. 316, sec. 3 requires SRS to notify the prosecuting attorney 60 days prior to the release of a person charged with a sexually violent offense and who has been determined to be incompetent to stand trial or has been found not guilty by reason of insanity of a sexually violent offense. Section 3(b) provides in part as follows:
 "(b) The agency with jurisdiction shall inform the prosecutor of the following:
 "(2) Documentation of institutional adjustment and any treatment received."
The problem is that K.S.A. 1993 Supp. 59-2931 and 65-5602 make such treatment records confidential.
K.S.A. 1993 Supp. 59-2931(a) and (b) provide:
 "(a) The . . . treatment records or medical records of any patient . . . that are in the possession of any . . . treatment facility shall be privileged and shall not be disclosed except as otherwise provided in this act or upon any of the following conditions. . . ."
 "(b) To the extent the provisions of K.S.A. 65-5601 to 65-5605 . . . are applicable to treatment records or medical records of any patient, the provisions of K.S.A. 65-5601 to 65-5605 . . . shall control the disposition of information contained in such records."
K.S.A. 65-5602(a) provides, in part, as follows:
 "A patient of a treatment facility has a privilege to prevent treatment personnel or auxiliary personnel from disclosing that the patient has been or is currently receiving treatment or from disclosing any confidential communications made for the purposes of diagnosis or treatment of the patient's mental, alcoholic, drug dependency or emotional condition."
However, K.S.A. 65-5603(a)(4) provides an exception to the privilege of K.S.A. 65-5602 for "any communication which forms the substance of information which the treatment personnel or the patient is required by law to report to a public official or to be recorded in a public office, unless the statute requiring the report or records specifically provides that the information shall not be disclosed." It is our opinion that this exception applies to any records for treatment received in a treatment facility, however, records reflecting treatment for alcohol and drug abuse problems require a different analysis and will be addressed later in this opinion.
While the legislature did not amend K.S.A. 1993 Supp. 59-2931 or 65-5602
to include a specific exception for treatment records required under the sexual predator act, we believe K.S.A. 65-5603(a)(4) can be construed to allow such disclosure and further, even if K.S.A. 65-5603(a)(4) did not provide an exception, there are two tenets of statutory construction which apply to allow the disclosure.
The first tenet involves the duty of a court to reconcile different statutory provisions so as to make them consistent, harmonious and sensible. NEA-Wichita v. Board of Education, U.S.D. No. 259, 225 Kan. 395
(1979). Specifically, where there is conflict between two statutes, the latest expression will control. State v. Hennessee, 232 Kan. 807 (1983). The sexual predator act is the latest expression and therefore, it will control over the disclosure prohibitions of K.S.A. 1993 Supp. 59-2931 and65-5602.
Second, K.S.A. 1993 Supp. 59-2931 and 65-5602 constitute general law because they apply to all treatment records as a class. The sexual predator act is a special law because it deals, in part, with the disclosure of treatment records of persons who have either been charged with or convicted of sexually violent offenses. General and special statutes should be harmonized whenever possible but to the extent that conflict between them exists special statutes will prevail unless it appears the legislature intended to make the general statute controlling.State v. Williams, 250 Kan. 730 (1992); State v. Edwards, 252 Kan. 860
(1993). We find no evidence of intent that the general statutes regarding confidentiality of treatment records should control over the disclosure provision in the sexual predator act. Consequently, in light of the fact that the sexual predator act is a special statute and the latest expression of legislature intent regarding disclosure of treatment records, it will prevail over the confidentiality provisions of K.S.A. 1993 Supp. 59-2921 and 65-5602.
However, treatment records which are maintained in connection with alcohol or drug abuse programs by treatment facilities that receive federal funding may not be disclosed to the prosecuting attorney unless a court order is secured under the provisions of 42 C.F.R. secs. 2.61 etseq. K.S.A. 65-4050, 65-5225, 42 U.S.C. § 290dd-3; 42 U.S.C. § 290ee-3. Furthermore, this prohibition against disclosure may not be removed by state law. 42 C.F.R. § 2.20. Consequently, it is our opinion that SRS may not disclose any records involving the diagnosis or treatment of alcohol or drug abuse problems unless a court order is secured.
Your third query is whether SRS treatment personnel can confiscate books, magazines, pictures, drawings, letters or diaries written by persons confined to state psychiatric hospitals or other SRS facilities for the purpose of making a referral to a prosecuting attorney under the act.
The sexual predator act is clear that the only information which is required to be disclosed to the prosecuting attorney is documentation involving "institutional adjustment" and "treatment received." The act does not provide a license to treatment personnel to confiscate the personal property of a patient in order to build a case for civil commitment under the act. People do not lose their civil rights because they are confined in state treatment facilities. K.S.A. 59-2930. While the scope of documentation for treatment records has yet to evolve, it is our opinion that items of personal property which are not part of treatment documentation may not be confiscated by SRS and disclosed to the prosecuting attorney.
Your fourth query is whether information contained within a patient's psychiatric records, obtained by SRS upon a release signed by the patient or under statutory exceptions from other treatment providers, can be utilized to support a referral to a prosecuting attorney. Once again, we reiterate that federal law prohibits the disclosure of records involving the diagnosis and treatment of alcohol and drug problems unless a court order is secured pursuant to 42 C.F.R. secs. 2.61 et seq. Any other information received by the SRS facility may be disclosed if it is a part of the SRS treatment records.
Your fifth query concerns whether persons confined to an SRS facility are entitled to a Miranda-type warning that information elicited during the course of treatment may be disclosed to the prosecuting attorney for possible use in civil commitment proceedings under the act. The 5th
amendment to the United States constitution provides that no person "shall be compelled in any criminal case to be a witness against himself." The privilege applies to any "official questions" put to the person "in any proceedings, civil or criminal, formal or informal, where the answers might incriminate him in future criminal proceedings."Minnesota v. Murphy, 465 U.S. 420, 426, 79 L.Ed.2d 409, 104 S.Ct. 1136
(1984). It does not extend to information voluntarily furnished by a person. State v. Field, 182 Kan. 180, 185 (1957), 22A C.J.S. CriminalLaw sec. 646.
The sexual predator act requires S.R.S. to inform the prosecutor of documentation of "treatment received." This documentation will have accrued during a course of treatment for mental illness. K.S.A. 1993 Supp. 22-3428, 22-3303. Any information or communication elicited during this course of treatment does not fall under those circumstances that would trigger a 5th amendment inquiry because there is no compulsion employed nor are there "official questions" put forth by treatment providers, the answers to which might incriminate the person in a future criminal proceeding. Commitment under the act is civil, not criminal and, therefore, the privilege against self-incrimination does not apply in sexual predator proceedings. Allen v. Illinois, 478 U.S. 364,92 L.Ed.2d 296, 106 S.Ct. 2988 (1986).
Your final query concerns whether there is any obligation on the part of SRS to create less restrictive alternatives of confinement for persons committed under the act. Persons who have been involuntarily committed are entitled to more considerate treatment and conditions of confinement than criminals whose conditions of confinement are designed to punish.Youngberg v. Romeo, 457 U.S. 307, 321-22, 102 S.Ct. 2452, 73 L.Ed.2d 28
(1982). Section 9 of the sexual predator act requires that the commitment of individuals "shall conform to constitutional requirements of care and treatment." In In re Young, 857 P.2d 989 (Wash. 1993), the court upheld Washington state's sexual predator act (which Kansas modeled its act on) and agreed that persons committed under the act are entitled to conditions of reasonable nonrestrictive confinement conditions. 857 P.2d at P.2d 1005. Washington state regulations governing the commitment facility provide a wider range of privileges than those associated with a prison setting and we refer SRS officials to those regulations that are recited in the Young case.
We do note, however, that the Young court recognized that the dangerousness of these individuals justifies a secure confinement facility and, therefore, while these individuals are entitled to conditions of reasonable care and reasonably nonrestrictive confinement conditions, we acknowledge that the reason these individuals have been committed is because they have been found to be likely to engage in predatory acts of sexual violence. Consequently, it is our opinion that while persons committed under the sexual predator act are entitled to more considerate treatment than criminals in a prison setting, which includes the right to reasonably nonrestrictive confinement conditions, they must be kept in a secure facility so that they pose no danger to each other or to the public.
Summarizing, it is our opinion that a juvenile offender does not meet the definition of a "sexually violent predator" and, therefore, the sexual predator act is not applicable to juvenile offenders. Second, SRS may disclose to the prosecuting attorney documentation of any treatment received at the facility except for documentation involving the diagnosis and/or treatment of alcohol or drug abuse problems. These latter records may not be disclosed unless a court order is secured pursuant to the requisites of 42 C.F.R. § 2.61 et seq.
However, the requirement of disclosure of treatment records does not give a license to SRS treatment personnel to confiscate a patient's personal effects in order to build a case for civil commitment. Finally, the 5th amendment's prohibition against self-incrimination does not apply to information elicited by treatment providers and S.R.S. is not required to give Miranda-type warnings to patients during the course of their treatment.
Very truly yours,
 ROBERT T. STEPHAN Attorney General of Kansas
 Mary Feighny Assistant Attorney General
RTS:JLM:MF:jm