No. 26,896.

THE STATE OF KANSAS, *Appellee*, v. ARTHUR LISTER et al.,
*Appellants.*

SYLLABUS BY THE COURT.

INTOXICATING LIQUORS—*Possession—Sufficiency of Evidence.* The evidence is
held to have been sufficient to support a conviction on a charge of having
possession of intoxicating liquor.

Appeal from Jackson district court; MARTIN A. BENDER, judge. Opinion filed
July 10, 1926. Affirmed.

C. E. Carroll and *A. E. Carroll,* both of Alma, for the appellants.

C. B. Griffith, attorney-general, *Roland Boynton,* assistant attorney-general,
and *Floyd W. Hobbs,* county attorney, for the appellee.

The opinion of the court was delivered by

MASON, J.: Arthur Lister appeals from a conviction on a charge
of having intoxicating liquor in his possession. His contention is
that the evidence did not sustain the verdict. There was testimony
tending to show these facts:

A resident of Soldier bought a bottle of whisky at night of a man
who drove him to a point about half a mile west of that town, got
out of the car, went through a hole in the hedge alongside the road
and came back with the bottle. The sheriff the same night got the
bottle and part of the liquor from him. He told the sheriff where
he got the liquor but did not tell him of whom he bought it. The
sheriff and two other officers the same night drove in two cars from
Soldier to a point beyond the hole in the hedge, parked their cars,
came back to the hole through a cornfield on the other side of the
road, and hid themselves near by. Presently two cars drove up from
the direction of Soldier and stopped, turning out their lights. The
defendant got out of the first car and with a man from the second
car—his brother—walked through the hole in the hedge. The de-
fendant came back through the hole and seeing the sheriff's party
said, "What do you fellows want?" The sheriff asked him what he
was doing there, and he made no answer. He was placed under ar-
rest. There were fresh tracks resembling the defendant's from the
hole in the hedge to a place about a rod away where twenty-two
pint bottles of liquor were found.

At the trial the defendant testified that his brother, who was driv-

ing in front of him, stopped his car; that he drove around his brother's car, stopped and came back to see what was the matter and was then arrested. He said: "The officers are mistaken when they say I came through the hole in the hedge." His brother and the third member of the party as witnesses each denied ownership of the liquor, as of course the defendant did also. The brother testified that he "was in employ of Anti-Saloon League for some time and would have arrested his own brother had he seen any liquor." The defendant on cross-examination stated that he had been arrested once before on a whisky charge and was cleared by a jury; that he was then under arrest on a like charge in an adjoining county.

We regard this evidence as sufficient to take the case to the jury. The judgment is affirmed.