No. 28,025.

THE STATE OF KANSAS, *Appellee*, v. HENRY HARDS, *Appellant*.

(263 Pac. 1055.)

SYLLABUS BY THE COURT.

INTOXICATING LIQUORS — *Unlawful Possession* — *Sufficiency of Circumstantial Evidence*. In an appeal from a judgment of conviction as a persistent violator of the prohibitory liquor law, the record examined, and held that the evidential circumstances tending to show the defendant's guilt were sufficient to justify the submission of the cause to the determination of the jury.

Appeal from Jackson district court; MARTIN A. BENDER, judge. Opinion filed February 11, 1928. Affirmed.

*Thomas A. Fairchild* and *H. R. Fulton*, both of Holton, for the appellant.

*William A. Smith*, attorney-general, *Roland Boynton*, assistant attorney-general, and *Albert M. Cole*, county attorney, for the appellee.

The opinion of the court was delivered by

DAWSON, J.: The defendant was convicted of the offense of persistent violation of the prohibitory law. It was alleged and shown that prior to this prosecution defendant had been duly convicted of a penal infraction of the prohibitory liquor law; and this second offense charged against him was that of having unlawful possession of intoxicating liquors.

Defendant's appeal is based on his contention that there was no evidence to support the verdict and judgment. What evidence there was against defendant was largely circumstantial. However, he did tell the sheriff that when he came from Topeka to his mother's farm home in Jackson county, one Linscomb accompanied him part way. The sheriff said, "Well, did you have some booze?" Defendant answered, "Yes, I let him [Linscomb] out at Hoyt," which was a village not far away. When the sheriff started to enter the farm house, defendant asked him if he had a warrant for the house, and repeatedly warned the sheriff that he would better not go into the house without a search warrant. The sheriff entered the house and found a jug of liquor in the middle of the floor in the front room, and two empty jugs and a funnel in the middle of an adjacent bedroom. Then the sheriff stepped outside to see where defendant was, and found that he had fled. Defendant's footsteps were traced

Intoxicating Liquors, 33 C. J. p. 762 n. 61.

for some distance into a corn field, but the sheriff saw no more of him for a month. The residents of the farm house were defendant's mother and his two younger brothers, one of them a mere child. Defendant's brother Leo vicariously claimed to be the owner of the liquor, but the triers of fact did not have to believe him nor another witness who testified to the same effect. The flight of the defendant was a significant fact. While the state's case was not a strong one, the circumstances considered together were too probative to permit this court to hold that the case should not have gone to the jury. (*State v. Lister*, 121 Kan. 524, 247 Pac. 846.)

The judgment is affirmed.