## ELIAS SHELTON v. JEREMIAH DUNN.

1. JUDGMENT—SUSTAINING OF. *No error presumed.* Every fact necessary to sustain a judgment rendered, will, on review of such judgment, be presumed to have been proved and by competent testimony, unless the contrary be shown.

2. PETITION IN EJECTMENT.—PRACTICE. In an action to recover real property which the defendant claims under a tax deed, the plaintiff's petition need not aver a tender, before suit brought, of the taxes, interest, and costs paid by defendant on such land. The requisites of a petition in ejectment are prescribed by statute; Comp. L. 1862, p. 224, § 570; Gen. St. 1868, p. 747, ?595; and it need not contain any additional averment, when the action is for the recovery of the possession only. The fact of tender, may be proven under such a petition. If no tender was in fact made before suit brought, defendant may plead the omission in abatement of the action.

3. EVIDENCE—DATE OF INSTRUMENT—*Parol evidence admissible to prove when instrument was executed.* The date of an instrument is one of its formal parts, and parol evidence is admissible for the purpose of showing an execution and delivery thereof on a day different from such date.

4. —— *Certificate of Redemption must be countersigned by County Clerk.* A receipt or certificate given by a county treasurer to a redemptioner of land sold for taxes, must be countersigned by the county clerk before it can be of any validity; and it is error to allow such certificate to be read as evidence of the fact of redemption until it has been so countersigned. (?87, ch. 118, Laws of 1866; ?102, ch. 107, General Statutes, 1868.)

### *Error from Miami District Court.*

EJECTMENT, brought by *Dunn* to recover the possession of one hundred and sixty acres of land. The action was

commenced in December, 1867; amended pleadings were filed in March, 1868. The petition was for the recovery of the land only, and contained no averments of fact beyond those required by the code in actions of ejectment; Comp. L. 1862, p. 224, § 570; Gen. St. 1868, p. 747, § 595. The answer was a denial of plaintiff's title. On the trial, which took place in April, 1869, *Shelton* claimed the land under a tax deed issued to him therefor. *Dunn* having shown title to the land, by a regular chain from the government to himself, *Shelton* offered in evidence his tax deed, from which it appeared that the land was sold in September, 1860, for the taxes of 1859, and struck off to the county, and that on the "20th of April, 1864," the tax-sale certificate was duly assigned to Shelton. The tax deed bears date "November 13th, 1868," and was not recorded at time of trial. Defendant *Shelton* testified that no tender of the taxes, etc., paid by him had been made by or for the plaintiff before the suit was commenced, nor at any time. To impeach the tax deed, plaintiff Dunn called the county clerk and showed by him that the assignment of the tax certificate to *Shelton* was not made "April 20th, 1864," as recited in the deed, but was in fact made only a day or two before the tax deed was executed, in *November*, 1868; and Dunn then offered in evidence two receipts executed to him by the county treasurer, dated *September* 10th, 1868, "for all taxes, interest, costs, and charges" on said land to that date. These receipts were not countersigned by the county clerk. Exceptions were taken by each party to the admission of the evidence offered by the adverse party. The record does not purport to contain all the evidence, nor any specific findings of fact or law. There was a general finding in favor of the plaintiff, *Dunn*, on which

judgment was entered.   A motion for a new trial being overruled, *Shelton* brings the case here for review.

*B. F. Simpson*, plaintiff in error:

1. Parol evidence of the assignment of the tax-sale certificate, and of the date of such assignment is not admissible, without first introducing the written assignment as the primary proof of its execution, or without first accounting for the absence of such written assignment.   1 Greenl. Ev., §§ 82 to 90.

2. The record shows that defendant was a resident of the county at the commencement of suit; and it was not shown in the plaintiff's petition, nor in the evidence on the trial, that defendant in error had, before the commencement of the suit, tendered to defendant, (plaintiff in error,) the full amount of all taxes, with interest, and costs, as allowed by law.   § 11, ch. 198, Comp. L. 1862— (which was in force when this suit was commenced.)

3. It was error to admit in evidence the papers signed by the county treasurer, and purporting to be mere *receipts* for taxes.   There was no proof that the money was deposited to *redeem* the lands from the tax sale; and none that a demand was made for a " certificate of redemption." Every certificate of redemption, besides having the other requisites, shall be countersigned by the *county clerk* "before it shall have *any validity*."   § 87, ch. 118, Laws of 1866; § 102, ch. 107, Gen. St. 1868.

4. There was no proof that the defendant held an adverse possession of the premises; nor that the defendant kept the plaintiff out of possession; nor that defendant was in possession, at commencement of suit.   Such possession in the defendant is the very gist of the action.

*Wilson Shannon*, for defendant in error:

1. The tax deed having recited the assignment to defendant below of the tax certificate on the "20th of April, 1864," it was competent for plaintiff to show by parol the *actual date* of such assignment. It was not secondary proof. It was not offered to prove the *assignment* itself; that was proven by the recital in the deed. The date of an instrument is one of its formal parts, and may always be contradicted by parol evidence. 2 Phillips on Ev., (Cowen and Hill's, and Edwards' Notes,) 660, note 492; 12 Mass., 456; 2 Johns., 230; 12 Wend., 105; 13 Pick., 69.

2. No tender was necessary in this case. The defendant below never put his tax deed on record. The plaintiff was not bound to know, and in fact did not know, that the defendant had or claimed to have a tax title for the land in question. A party will not be permitted to suppress his title, and keep his tax deed off the records, and on the trial, for the first time produce it, and claim that the plaintiff should have tendered the taxes, etc., before suit. This would be a fraud on the plaintiff.

But the tender of the taxes must be made to the party holding the *certificate of sale*, and can be made to no one else. Shelton was not the holder of the certificate of tax-sale until November 13th, 1868. Up to that time it was held by Miami county; and while so held, Dunn not only tendered but actually paid all the money due on said land to Miami county.

If this case could be brought within § 11, ch. 198, Comp. L. 1862, the defendant below was bound to plead said section, and aver, "that he claimed to hold the land in question under a tax deed; that he had paid the taxes, etc., and that the plaintiff before suit had not tendered

the taxes, although he resided in the county." It is not a plea in bar, but in abatement. It might defeat the present suit, but not the right to recover. The plaintiff could by tender of the taxes, etc., institute a new suit. Having failed to plead this matter in abatement, he has waived all objections on that ground.

3. The treasurer's receipts were introduced, not to show a technical redemption, but to prove that at the time of the assignment of the sale-certificate to Shelton the county had nothing to assign. The whole taxes, interest, costs and charges, had been paid by Dunn to the county, and was then in the county treasury.

4. The fact that defendant below was in possession is admitted by the pleadings. The plaintiff below in his petition claims that he is seized in fee, etc. The answer of the defendant denies the seizure in fee. This admits that he is in possession. Nash, 655; Comp. L. 1862, p. 224, § 571; Gen. St. 1868, p. 748, § 596.

5. The record does not show that it contains all the evidence introduced on the trial; and the court will presume that all necessary facts were proven in order to sustain the judgment.

The opinion of the court was delivered by

SAFFORD, J.: This was an action for the recovery of real estate, brought under the provisions of Title 18, §§ 569 to 577, Code of 1859, Comp. L., 1862. A jury having been waived, the issues were tried by the court, and judgment was rendered in favor of the plaintiff below, now defendant in error. There were no separate findings of the facts, and of the law, as it is provided there

1. JUDGMENT. No error presumed against it. may be when either party desires to except to the decision of the court upon the questions of

law involved in the trial: § 290, Code of 1868. Neither does the record which is brought here purport to contain all the evidence offered by the parties. Under these circumstances, as we have heretofore frequently held, this court cannot undertake to examine into the case with the purpose of discovering whether or no every fact necessary to be proved in order to sustain the general finding, was so proved, and by sufficient evidence. So far then, as any question of this kind enters into the discussion of this case on the part of the plaintiff in error, it may be laid aside as settled. This conclusion will apply to the point last made in the brief of the plaintiff in error. It will also apply to the second point in said brief, which is to the effect that the court erred in the judgment rendered, because it was not shown in the petition, nor by the evidence on the trial, that the plaintiff had before the commencement of his suit tendered to the defendant therein the amount of taxes, interest, and costs due on the land in question, as it is required by law that he should have done; § 11, ch. 198, Comp. L. 1862. It is true that the record contains evidence tending to show that no such tender was in fact made; and it does not contain evidence going to establish the fact of such tender; but for all this, such last mentioned evidence may still have been introduced, and that too of such a character as to have convinced the court of its truth, notwithstanding that offered to the contrary, and appearing in the record. The court, then, may have found this very fact of the tender in favor of the plaintiff below; and inasmuch as the contrary does not appear, it is our duty so to presume, if it be necessary to sustain the judgment.

II. But it is said that it was necessary for the plaintiff

to plead such tender, in order to prove it, in this case.

2. EJECTMENT. Petition in; its requisites. We do not think so; and in support of this opinion call attention to the necessary requisites of the plaintiff's petition in ejectment, as stated in section 570 of the statute first above referred to. It may also be remarked in this connection, that the lack of a tender in the cases intended to be covered by section eleven of ch. 198 above mentioned, would, as it seems to us, furnish grounds for a plea in the nature of a plea in abatement by the defendant.

III. It is further urged that the court below erred in admitting parol evidence of certain facts respecting the assignment of the tax-sale certificate by the county of Miami to the plaintiff in error; such evidence was objected to on the ground that it was of a secondary character, it being insisted that the assignment itself must first be produced, or its absence accounted for. As we understand the object of the evidence offered, it was clearly admissible. Proof had already been offered, and without objection, tending to show that the assignment in question had been executed on a particular day, to-wit, on the 20th of April, 1864. The evidence in question was then offered to show that such assignment was in fact made and delivered on a different day. It went direct to this point, and thus tending to establish it, it was the right of the party offering it to have it considered by the court. The authorities in support of this position are full, and to the point. 2 Phillips Ev., 356, and Note, and authorities there cited.

3. EVIDENCE. When parol admitted.

IV. The next and last alleged error, necessary to be considered in this case, relates to the admission in evidence by the court below, of certain receipts signed by the treasurer of Miami county, and

4.——Redemption certificate, when void.

purporting to acknowledge the payment, by the plaintiff below, of all the taxes, interest, costs, and charges, due on the land for the recovery of which suit was brought, and which said receipts were dated September 10th, 1868, or about two months prior to the time when the assignment and delivery of the tax-sale certificate took place, according to the evidence of the county clerk and county treasurer, and about the same length of time prior to the execution and delivery of the tax deed. The alleged grounds of objection to such admission are, that such receipts have none of the attributes of certificates of redemption, under § 87, ch. 118, Laws of 1866; and second, that if they had, they were of no validity, for the reason, that they showed upon their face that they had not been countersigned by the county clerk as it is required they should have been by said section. As to the first point, it is not clear, and it is perhaps not important to inquire. But we have no doubt as to the last. If the object of the payment shown by the receipts was to secure a redemption of the land from the previous tax sale, the receipt or certificate given by the treasurer should have been countersigned by the clerk in order to give it any validity. Such is the plain and positive requirement of the law, which was enacted for very good, and no doubt sufficient reasons. It follows then, that the receipts offered in evidence, not having been countersigned by the county clerk, were of no validity as showing a redemption of the land in question. We have, however, no hesitation in saying, that if the plaintiff below did in fact pay to Miami county—she then being the holder of the tax-sale certificate—all taxes, interest, costs, and charges due thereon, and on his land, up to the tax of 1868, he was entitled, by virtue of such pay-

ment, to demand and receive from the proper county officers, a legal, sufficient and valid redemption-certificate for such land from the tax sale of which such tax-sale -certificate was the evidence. Being so entitled, and not receiving it, through or by the fault or refusal of such officers, he could not thereby be deprived of his right of redemption; but such officers might be compelled, by the institution of proper proceedings, and the payment or the tendering of their lawful fees for the services to be rendered, to perform their duty in the premises. If, however, such plaintiff, through his own fault or neglect, failed to receive such a redemption-certificate as had all the requisites to make it valid under the law, it is but right that he should suffer the consequences, whatever they may be. Thus, if on receiving his certificate from the county treasurer, he failed and neglected to present the same to the county clerk for his certification, and an entry thereof on his books, as he seems to have done, he has only himself to blame, that it is thereby rendered invalid for the purpose of showing the fact of redemption. It is our opinion that the court erred in permitting the receipts to be read in evidence in the shape they were in when offered, and the case must therefore go back for a new trial.

Judgment reversed, and a *venire de novo* awarded.

All the Justices concurring.