No. 22,306.

THE STATE OF KANSAS, *Appellee*, v. BLANCHE HAYES, *Appellant*.

### SYLLABUS BY THE COURT.

1. HOMICIDE—*Confession of Accused—Admissibility and Weight as Evidence.* Whether a confession of one accused of crime is voluntary and admissible in evidence is a question to be determined by the court in the first instance, and if held to be voluntary and admissible, the weight and credibility to be attached to it are questions for the determination of the jury.

2. SAME—A conflict in the evidence as to the voluntary character of the confession is to be settled like any other disputed question of fact.

3. SAME—That it was made while the defendant was in custody and in answer to questions propounded are not sufficient grounds for its rejection.

4. SAME—The evidence relating to the confession examined, and it is held to be sufficient to show that it was not induced or made under promises, threats or fear.

Appeal from Finney district court; GEORGE J. DOWNER, judge. Opinion filed February 7, 1920. Affirmed.

*Walter L. Bullock,* of Dodge City, for the appellant.

*Richard J. Hopkins,* attorney-general, *Edgar Foster,* assistant attorney-general, and *W. C. Pearce,* county attorney, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: Blanche Hayes was prosecuted for feloniously shooting and killing her husband and was found and adjudged to be guilty of murder in the first degree.

The testimony produced in evidence included a written confession of the defendant giving the details of the homicide, and the only questions presented on this appeal relate to the admission of this confession. The objection to the confession, which had been reduced to writing, signed and sworn to before the clerk of the district court, was that it was involuntary. She testified that she was pressed by the officers and F. J. Evans, who reduced her statements to writing, to enter a plea of guilty, and it was suggested that if she would confess and enter a plea of guilty, the penalty inflicted would be reduced to that for murder in the second degree. On the other hand, Evans testified that the defendant had said that she desired to make a statement in reference to her husband's death. First, she talked to him about her children and the family property, and then proceeded to relate the circumstances of the tragedy and the part she had taken in it. At the conclusion of her story Evans asked her if she was willing to make and sign a written statement of the facts she had related, and to this she consented. Evans then sat down at a typewriter and the answers she gave in response to his questions were written down and at the end of each statement or paragraph it was read to her and her assent to its correctness given. At the end of the writing the complete statement was read over to her, and afterwards she took it and read it throughout in the presence of the clerk of the district court, who had been called in to witness the signature and administer the oath. The clerk testified that she read, or appeared to read, it over at length and then placed her signature to the writing and swore to the truth of the statements contained in it. Her testimony that inducements were held out to her by Evans that the penalty would be reduced, before the confession was made, are directly denied by him. He did testify that after the statements had been made and the confession signed and sworn to, he did suggest to the county attorney that if he were acting in the capac-

ity of county attorney he would accept a plea of guilty to
murder in the second degree, under the circumstances, and
the county attorney appeared to concur in his suggestion.
This suggestion was not addressed to the defendant, although
it was made in her presence, but he testifies that it occurred
after the confession had been made.    She also had an inter-
view with the judge of the district court, after which she
concluded not to enter a plea of guilty, and in the trial she
undertook to show that the confession was involuntary and
that she was innocent of the crime charged.    Of course, if
the confession was involuntary or extorted through hopes or
fears held out to her by the officers, it was not receivable in
evidence.    The admissibility of the confession is a question for
the court in the first instance, but if it is held to be voluntary
and admissible, the weight and credibility of the evidence are
to be determined by the jury.    In this respect the function
of the judge is somewhat like that exercised when he is
called upon to determine the admissibility of a dying decla-
ration.    There the court must decide as a preliminary ques-
tion whether the declaration was made under a sense of im-
pending dissolution, but after the evidence is admitted, its
credibility is entirely within the province of the jury.    (*The
State v. Reed,* 53 Kan. 767, 37 Pac. 174.)    The jury may not
reject a confession as evidence, but it is to be taken into con-
sideration with the other evidence in the case, and the jury
is at liberty to repudiate any part of the confession which
they do not believe.    (12 Cyc. 482; 2 Wigmore on Evidence,
§ 1451; 16 C. J., § 2287.)    As to the voluntary character of
the confession, there was a direct conflict in the testimony
of the defendant and that produced by the state.    This con-
flict is to be determined like any other question of fact, and
the finding by the court that it was voluntary puts that ques-
tion at rest.    The finding, of course, is open to review, but as
the court had a much better opportunity to ascertain the
truth than the reviewing court can have, its conclusion, sup-
ported as it was by competent evidence, cannot be disturbed.

It is insisted that the defendant was hurried from the place
of arrest before she could consult an attorney, but the arrest-
ing officer was not required to stop on the way for consulta-
tion with an attorney until he had obeyed the command of

his warrant and placed the prisoner in the jail of the county where the crime was committed. She was arrested at Dodge City, which is about fifty miles from the place of trial. It is contended that the defendant having been in custody and in charge of an officer when the confession was made, and that she was interrogated by them, required the rejection of the confession. The fact that defendant was in custody when she made the confession does not amount to undue influence, and neither does the fact that she was questioned by the officers furnish a ground for excluding the confession. (*Hopt v. Utah*, 110 U. S. 574.)

In the instructions the court left to the jury the credibility and weight to be attached to the confession, and in her brief no complaint is made of the instructions. It must be held that the confession was voluntary and properly admitted in evidence.

Judgment affirmed.