No. 40,742

State of Kansas, *Appellee*, v. William S. Robinson, *Appellant*.

(322 P. 2d 767)

Opinion filed March 8, 1958.

*Charles S. Scott*, of Topeka, argued the cause and *Elisha Scott, John J. Scott* and *Samuel C. Jackson*, all of Topeka, were with him on the briefs for the appellant.

*J. Richard Foth*, assistant county attorney, argued the cause and *John Anderson, Jr.*, attorney general, and *Roy L. Bulkley*, county attorney, were with him on the briefs for the appellee.

The opinion of the court was delivered by

Hall, J.: This is an appeal from a conviction of first degree manslaughter.

William S. Robinson, the defendant, was charged by information in the district court of Shawnee County, Kansas, with the offense of first degree manslaughter. He was tried before a jury and convicted on the 14th day of February, 1957.

The defendant was stationed at the Forbes Air Base in Topeka, Kansas. On the 5th day of September, 1956, at about 11:00 p. m. he, airman Murray, and their girl friends parked their car near 4th and Kansas Avenues in Topeka. The defendant and Murray went across the street to a tavern which was located on East 4th Street. The defendant noticed a man going by the tavern who appeared to be a person with whom he had some recent trouble. The defendant left the tavern and followed the man west on 4th Street to the southeast corner of 4th and Kansas Avenues. An altercation occurred between the two men. The defendant then turned and walked or ran across the street from the southeast to the northeast corner of the intersection.

The deceased, Herbert Mitchell, was either standing or walking near the northeast corner of 4th and Kansas Avenues. In either event, the defendant struck Mitchell in such a manner as to cause him to fall backward striking his head on the sidewalk. Mitchell died the following day.

The information charged Robinson as follows:

". . . that William S. Robinson, . . . did unlawfully, feloniously and willfully kill a human being, to wit: Herbert A. Mitchell, without design to effect death, by the acts of the said William S. Robinson, while said William S. Robinson was engaged in the perpetration of a crime not amounting to a felony, namely, an assault and battery upon the said Herbert A. Mitchell, which said assault and battery was committed by the said William S. Robinson with his hands and fists, striking said Herbert A. Mitchell upon and about the head and throat, thereby causing the death of said Herbert A. Mitchell, when said killing would have been murder at the common law, . . ."

The defendant makes eight specifications of error on appeal.

Specifications of error 1, 4, and 5 are as follows:

"1. The Court erred in failing and refusing to instruct the jury on matters for their consideration touching upon the voluntary or the involuntary character of the State's exhibit number 1, to-wit: a written statement made by the appellant.

"4. The Court erred in refusing to permit evidence to be offered in the presence of the jury touching upon the voluntary or involuntary character of State's exhibit number 1, to-wit: a written statement of the appellant.

"5. The Court erred in the admission of the State's exhibit number 1, to-wit: appellant's written statement."

These alleged errors have reference to a written statement made by the defendant and admitted into evidence.

The defendant was first questioned by the police on September 6, 1956. A detective wrote down the substance of his answers. A statement was submitted to him and he read and signed it. On the 7th day of September he was again questioned and a formal statement was taken by the assistant county attorney.

During its case in chief the State proffered the second statement as its exhibit number 1.

A recess was called and the court, out of the presence of the jury, took testimony upon the admissibility of the statement. The court heard the testimony of the officers of the Topeka Police Department, the court reporter and the defendant.

At the conclusion of the hearing the State renewed its offer to place the statement in evidence and the court admitted it. The court said:

"The Court: As a result of this investigation here I am finding that the statement marked Exhibit I was freely and voluntarily given and, was not given under duress, was not given as a result of any promises and that it should be admitted into evidence. I will overrule the defendant's objection to its admission."

Counsel for the defendant made objection and the following colloquy occurred:

"Mr. Scott [counsel for defendant]: Just a moment, for the purpose of the record, Your Honor, I want to get this in the record; a showing that this statement was freely and voluntarily given must also be presented in the presence of the jury after there has been a hearing in the absence of it. It's entirely up to the Court if he wants to listen to it. I think the jury should know the circumstances under which this statement was made.

"The Court: Do you mean by that that everything should be read that we have just heard from the same testimony?

"Mr. Scott: The same evidence, *yes, in order that the jury may properly consider the statement as to its weight;* it must be brought to their attention.

"The Court: Your objection in that regard is overruled, sir. . . ." (Emphasis ours.)

In submitting the case to the jury the court did not instruct on the question of voluntariness or involuntariness of the statement. The record does not show any objection or request for such instruction. The court did instruct on the questions of weight and credibility in the following language:

"19.

"There was admitted as evidence in this case, State's exhibit number one which is a transcript of a statement made by the defendant on September 7, 1956. In this connection you are instructed that it is your duty to consider the truth or falsity of the statements made in exhibit one along with all the other evidence introduced in the case, and the truth or falsity of the statements made in the statement are matters for the jury to determine."

Defendant also contends the statement should not have been admitted because he was not advised of his constitutional rights. (*The State v. Moore,* 61 Kan. 732, 60 Pac. 748; *State v. Oberst,* 127 Kan. 412, 273 Pac. 490; *State v. Seward,* 163 Kan. 136, 181 P. 2d 478; and other general authorities.)

The record presented on appeal is very complete. There are pages of testimony relating to the defendant's statement. We have examined it thoroughly and find that the defendant was properly advised of his constitutional rights. There is also no evidence to show coercion, constraint, promise, inducement of the defendant to make the statement, or that it was brought about by any im-

proper means. No rules of evidence touching its admissibility were breached in any way.

The court considered the defendant's statement as an admission against interest and not a confession. We believe rightfully so.

The distinction between the two has long been recognized in this jurisdiction. (*The State v. Campbell,* 73 Kan. 688, 85 Pac. 784; *State v. Myers,* 154 Kan. 648, 121 P. 2d 286; *The State v. Turner,* 82 Kan. 787, 109 Pac. 654; *State v. Aquirre,* 167 Kan. 266, 206 P. 2d 118; *The State v. Adams,* 85 Kan. 435, 116 Pac. 608; *State v. Harding,* 142 Kan. 347, 46 P. 2d 617; *State v. Criger,* 151 Kan. 176, 98 P. 2d 133; *State v. Smith,* 158 Kan. 645, 149 P. 2d 600; *State v. Fouts,* 169 Kan. 686, 221 P. 2d 841; *State v. Stewart,* 179 Kan. 445, 296 P. 2d 1071; *State v. Fields,* 182 Kan. 180, 318 P. 2d 1018.)

And in 20 Am. Jur., Evidence, § 478:

". . . To give a statement the binding force of a confession, its distinctive feature must be an acknowledgment of guilt without an exculpating statement or explanation, . . .

"A confession, defined as an acknowledgment, in express terms, by a party in a criminal case, of his guilt of the crime charged, does not, properly speaking, comprehend an admission, declaration, or other statement by the accused, direct or implied, of facts pertinent to the issue which, in connection with other facts, tend to prove his guilt, but which are not in themselves sufficient to authorize a conviction. . . ." (p. 417.)

And in 20 Am. Jur., Evidence, § 560:

". . . The majority rule, however, recognizes the distinction between an admission of an independent fact and a confession which amounts to an acknowledgment of guilt and asserts the principle that it is unnecessary for the prosecution to prove that an admission, as distinguished from a confession, was freely and voluntarily made without improper inducement in order to have it admitted in evidence. . . . Statements in the nature of admissions as distinguished from confessions are not involuntary merely because of the fact that they were given by an accused in court under process, or in obedience to a subpoena, or because of the fact that the accused was not advised of his constitutional rights, such as the privilege against self-incrimination and the right to the aid of counsel, or warned that his statements might be used against him, or because of the fact that he was under arrest at the time he spoke. . . ." (pp. 474, 475.)

In a late case, *State v. Fields,* supra, we repeated the test to be applied in determining the admissibility of statements against interest.

"It has long been the rule that such oral admissions against interest in criminal prosecutions are properly admitted as evidence if fully made, without inducement or duress, or brought about by some other improper means, and

such admissions do not contravene Section 10 of the Bill of Rights against self-incrimination. . . ." (p. 185.)

Measured by these standards the court was correct in treating the defendant's statement as an admission and the record substantiates its admissibility as such. The defendant did not acknowledge the guilt of the crime for which he was charged but only facts pertinent to the crime which, in connection with other facts, tended to prove his guilt. The admissions were not in themselves sufficient to authorize a conviction and thus not a confession. As a matter of fact, the defendant testified in his own behalf and his testimony was substantially the same as the admissions in the statement.

The court is not required to place before the jury all of the evidence taken by it concerning the voluntariness or involuntariness of a defendant's statement.

Defendant relies on *State v. Demain,* 127 Kan. 716, 275 Pac. 139, where the court said:

"It appears that the trial court conscientiously discharged its preliminary duty to decide for itself in the first instance whether the confession or admission of guilt was voluntarily made. (*State v. Hayes,* 106 Kan. 253, 187 Pac. 675.) Once the court had satisfied itself of its voluntary character, the evidence of the confession and the circumstances under which it was given were properly submitted to the jury for such credence and significance as they saw fit to attach thereto. The fact that the trial court had concluded for itself that the confession was voluntary did not bind the jury. They were free to decide that question as they saw fit. . . ." (p. 719.)

Such has never been the rule. The Demain case did hold that such evidence was *properly* submitted to the jury but did not decide that it was a *requirement.*

Likewise, the court did not err in omitting to instruct the jury on the matter of voluntariness or involuntariness of the statement. This is a preliminary duty for the court in ruling upon the admissibility of the statement. Of course, weight and credibility are matters for the jury and the court so instructed in Instruction 19 set out above. (*State v. Hayes,* 106 Kan. 253, 187 Pac. 675; *State v. Demain,* supra; *State v. Seward,* supra.)

Defendant also specifies as error (No. 2) the failure and refusal of the court to instruct the jury on the lesser crime of assault and battery.

The court instructed that under the information in the case, and if the evidence warranted it, the defendant could be convicted of manslaughter in the first degree and fourth degree. The court fully

instructed on the elements of these two offenses. The court also defined the words "assault and battery" because they were used in the information. The defendant did not object to these instructions and did not request an instruction on assault and battery.

The defendant contends that he is not barred by reason of his failure to object or request an instruction but that the court should have so instructed as a matter of law. Defendant cites *State v. Phelps*, 151 Kan. 199, 97 P. 2d 1105; *State v. Gloyd*, 148 Kan. 706, 84 P. 2d 966; *State v. Severns*, 158 Kan. 453, 148 P. 2d 488; *State v. Smith*, 161 Kan. 230, 167 P. 2d 594; *State v. Fouts*, supra.

G. S. 1949, 62-1447, does provide for the duty of the trial court to instruct the jury on all matters of law necessary for their information in giving their verdict.

On the question of lesser offenses we have said that the court need not instruct on lower degrees of crime included in a charge when the evidence tends to establish the highest degree of crime charged and does not tend to establish guilt of any lower degree of crime included therein. (*State v. Hockett*, 172 Kan. 1, 238 P. 2d 539; *State v. Noble*, 175 Kan. 398, 264 P. 2d 479; *State v. Mitchell*, 181 Kan. 193, 310 P. 2d 1063.)

In the instant case this rule could be applied as the evidence did not clearly require the court to instruct on the lower crime of assault and battery. On the contrary, the evidence clearly established the guilt of the defendant of the crime of manslaughter in the first degree.

Under these circumstances the authorities cited by defendant are not applicable.

We think another rule is more applicable to the case at bar. The defendant was charged with the crime of manslaughter in the first degree and he was convicted of that crime. The court instructed on a lesser degree of the crime, to wit: manslaughter in the first degree and fourth degree. Under these circumstances whether or not the instructions included the lesser crime of assault and battery is not now material and the defendant cannot be heard to complain. Notwithstanding the rule stated above that if there be evidence warranting instructions relating to inferior degrees such instructions should be given as a matter of law, beginning with the case of *State v. Dickson*, 6 Kan. 128 [2nd Ed.], the court has also applied the rule that when instructions complained of relate to a degree of crime inferior to the principal offense charged in the information,

and inferior to that of which defendant was convicted, the instructions will be deemed not to have prejudiced the defendant, whether correct or not. (*The State v. McCarty,* 54 Kan. 52, 36 Pac. 338; *State v. Hardisty,* 121 Kan. 576, 249 Pac. 617; *State v. Kelly,* 131 Kan. 357, 291 Pac. 945; *State v. Zakoura,* 145 Kan. 804, 68 P. 2d 11.)

The defendant also specifies as error the denial of his motion for dismissal at the close of the State's evidence (No. 3) and his motion for new trial (No. 8); that the verdict was contrary to the law and evidence (No. 6); that the admission of certain testimony was illegal and prejudicial (No. 7).

We have examined these specifications of error thoroughly and find no reversible error.

The judgment is affirmed.