No. 44,009

STATE OF KANSAS, *Appellee*, v. JACK MARTIN KING, *Appellant*.

(400 P. 2d 975)

Opinion filed April 10, 1965.

*James T. Graves* and *Tom W. Hampton*, of Salina, argued the cause and were on the brief for the appellant.

*Bill Crews*, county attorney, argued the cause, and *Robert C. Londerholm*, attorney general, was with him on the brief for the appellee.

The opinion of the court was delivered by

WERTZ, J.: Jack Martin King, appellant, hereinafter referred to as defendant, was duly charged by an information in the district court of Saline county with the crime of robbery in the first degree in violation of G. S. 1949, 21-527 and 21-105 (now K. S. A. 21-527 and 21-105). Upon a trial the jury found the defendant guilty as charged. Defendant's motion for a new trial was overruled and he was sentenced to confinement in the state penitentiary.

The defendant appeals to this court from the order overruling his motion for a new trial and the imposition of sentence contending (1) the trial court erred in admitting into evidence the written statement made by him which he maintains was made without his being advised of his rights or afforded legal counsel; (2) he was not advised of the nature of the charges against him and the penalty therefor; and (3) he was not afforded legal counsel at his preliminary hearing. Only so much of the facts as are pertinent to the issues involved will be narrated.

Defendant was apprehended by police officers on the day the offense was alleged to have been committed, December 10, 1963, and was taken to the police station at Salina where he was inter-

rogated by Detective Jack Richardson. On the morning of December 11 the defendant was taken before the city court of Salina where he waived the appointment of counsel to represent him at the preliminary, also waived his preliminary hearing, and was bound over to the district court of Saline county. On January 8, 1964, defendant was taken before the district court where Harold Henderson, a member of the Saline County Bar, was appointed to represent him. On February 18 the defendant, appearing with his court-appointed counsel, waived formal arraignment, entered a plea of not guilty, and the court announced the matter was ready for trial. On that day the jury was selected and the trial commenced.

Considering defendant's first contention, the record discloses that during the course of the prosecution the county attorney offered into evidence the written statement made by the defendant resulting from the interrogation by Detective Richardson on December 11. The court, in the absence of the jury, made a careful examination of the circumstances by which the statement was obtained: whether or not it was a voluntary statement of the defendant and whether or not he had been properly advised of his constitutional rights.

The testimony of Officer Richardson disclosed that as the interview started between him and the defendant on the morning of the 11th, the conversation was over matters of mutual interest, as to a job, and where the defendant lived, and such matters. As they entered into the content of a statement, then at that time the officer advised defendant of his right to secure counsel of his choice and also advised him that any statement being made would have to be voluntary; that the officer was making no threats, and no promises, with regard to any statement; and that any statement the defendant made might be used against him. The officer further stated he advised the defendant more than once of his rights prior to making or signing the statement. The defendant consented to make and sign the statement. The officer then stated he discussed the matter of the robbery of the previous evening with defendant and as they discussed the matter the officer would type the questions and answers. The statement consisted of two pages. The introductory remarks of the statement read:

"December 11, 1963. Statement of Jack Martin King, . . . I make the following statement to Detective Jack Richardson of the Salin[a] Police Department at 3:00 A. M. December 11, detective division of the Salina Police Department. I have been advised of my rights, that I may have an attorney

of my choice present, that I make this statement of my own free will without threats, or promises being made to me knowing that anything I say in this statement may be used against me in a court of law. . . ."

The statement was signed by defendant and witnessed by Officers Richardson and Slayton.

The officer further testified the defendant read the statement completely, made one correction in the statement, initialed the correction, and studied the statement before signing it.

On being handed the statement, the defendant, testifying in his own behalf, stated it was his statement and his signature attached thereto; that he made the statement without being threatened, coerced or forced; that he was told by the officer that the officer had no right to tell him what the charges against him would be; that the officer told him he might have an attorney of his choice present but didn't say when; and that he signed the statement so he could "get the thing over with."

The procedure followed by the trial court in hearing evidence in the absence of the jury and deciding as a preliminary matter whether the written statement of the defendant was freely and voluntarily made without force or coercion was in conformity with the established rules of this court. (*State v. Latham & York*, 190 Kan. 411, 435, 375 P. 2d 788, 373 U. S. 919, 10 L. Ed. 2d 418, 83 S. Ct. 1310.) With exceptional care and patience the district court considered all evidence offered both by the state and the defendant and concluded the statement was freely and voluntarily given and that defendant's constitutional rights had not been violated. The finding was amply supported by the evidence.

It is not contended that any threats were made nor that any coercion was used. On the contrary, defendant freely discussed and voluntarily gave the detailed statement of the happenings and events of the robbery on the previous evening. No other conclusion could be reached by the trial court, or by this court upon appellate review, but that defendant's statement was freely and voluntarily given, and, therefore, admissible in evidence for consideration by the jury. It must be assumed the trial court properly instructed the jury on this issue, and no contention is made by the defendant to the contrary.

It has long been the rule in this state that admissions against interest in criminal prosecutions are properly admitted as evidence if fully made without inducement or duress or brought about by some other improper means, and such admissions do not contravene

Section 10 of the Bill of Rights against self-incrimination. (*State v. Turner*, 193 Kan. 189, 198, 392 P. 2d 863; *State v. Latham & York*, supra; *State v. Robinson*, 182 Kan. 505, 322 P. 2d 767; *State v. Fields*, 182 Kan. 180, 185, 318 P. 2d 1018.)

In the instant case the defendant, by his statements, did not acknowledge the guilt of the crime for which he was charged but only facts in connection with other facts which tended to prove his guilt. The admissions were not in themselves sufficient to authorize conviction and thus were not a confession.

Defendant also contends that due process was denied him because an attorney was not present when the oral statement was made and the written statement signed. The absence of counsel under such circumstances as in the instant case does not render a confession inadmissible. (*State v. Latham & York*, supra, p. 435; *State v. Seward*, 163 Kan. 136, 144, 181 P. 2d 478.)

The cases relied upon by defendant are based upon an entirely different set of facts and are not controlling under the facts in the instant case. We are of the opinion the trial court did not err in admitting defendant's written statement into evidence.

Defendant's next contention that he was not advised of the nature of the charges against him and the penalty therefor is not sustained by the record. K. S. A. 62-1304 provides in pertinent part that it is the duty of the attorney appointed by the court to inform defendant fully of the offense charged against him and the penalty therefor. Defendant had competent, appointed counsel who appeared with him at his arraignment on the information and entered a plea of not guilty. It must be assumed, in the absence of evidence to the contrary, that his counsel informed him of the offense with which he was charged and the penalty therefor. Defendant proceeded to trial and participated therein without objection. The defendant had previously been advised in open court that he was charged with armed robbery under the provisions of G. S. 1949, 21-527. We find no merit to this contention.

Defendant's last contention that he was not afforded legal counsel at the preliminary hearing is also without merit. The defendant waived the appointment of counsel to represent him at the preliminary hearing and also waived his right to a preliminary hearing. It is a well-settled law of this state that failure to appoint counsel at the preliminary examination is not error. No useful purpose would be gained in discussing this matter further. Suffice it to say

the question was thoroughly dealt with in the case of *State v. Daegele,* 193 Kan. 314, 393 P. 2d 978, cert. denied (January 18, 1965) 379 U. S. 981, 13 L. Ed. 2d 571, 85 S. Ct. 686; *Bergin v. State,* 194 Kan. 656, 400 P. 2d 978; and *State v. Richardson,* 194 Kan. 471, 399 P. 2d 799, and what was said there is applicable in the instant case.

From a careful review of the record we are of the opinion the defendant has failed to make it affirmatively appear he has not been granted a fair trial before an impartial jury or that any of his rights under Section 10 of the Bill of Rights of our state constitution or the due process clause of the federal constitution have been violated.

The judgment of the trial court is affirmed.